## TOBE SHAW v. THE STATE.

*No. 890.   Decided January 29th, 1896.*

**Throwing Dice—A Banking Game When—Betting on.**

Where, on a trial for betting on dice, the facts show that defendant threw the dice, took all bets, stood behind the table, "was one against the many," he was a dealer and the game a banking game; and he could not be convicted of betting at his own banking game.

APPEAL from the County Court of Johnson.   Tried below before Hon. F. E. ADAMS, County Judge.

This appeal is from a conviction for betting (and not at a private residence) at dice, the punishment being assessed at a fine of $10.

The case is stated in the opinion.

*Featherstone & Hall*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.—"It is questionable whether the prosecution should be permitted to elect and base a prosecution for betting, where, under the proof, a conviction could be sustained for exhibiting.   If appellant had been charged with keeping and exhibiting a gaming bank, he could, under the evidence, have been convicted of that offense.   Case submitted."

DAVIDSON, JUDGE.—Appellant was charged with and convicted of betting at dice at a place other than a private residence.   The facts show that he threw the dice, took all bets, stood behind the table, and was "one against the many."   In other words, he was the dealer; hence the game was a banking game.   Bell v. State, 32 Tex. Crim. Rep., 187. He could not, therefore, be convicted for betting at his own banking game.   Askey v. State, 20 Tex. Crim. App., 443.   The judgment is. reversed, and the cause remanded.

*Reversed and Remanded.*