MAT WILLIAMS v. THE STATE.

No. 1692.    Decided June 26, 1912.

Rehearing denied October 23, 1912.

**1.—Assault to Murder—Statement of Facts.**

Where, upon appeal from a conviction of assault to murder, the purported statement of facts was not signed and approved by the trial judge. the same could not be considered.

**2.—Same—Bill of Exceptions—Practice on Appeal.**

Where, in the absence of a statement of facts, the bill of exceptions did not show upon its face that it contained all the evidence in the trial in regard to the matter complained of, the same could not be considered on appeal. Following Bryant v. State, 35 Texas Crim. Rep., 394, and other cases.

**3.—Same—Practice on Appeal.**

In the absence of a statement of facts, exceptions to the insufficiency of the evidence and charge of the court can not be considered on appeal.

**4.—Same—Evidence.**

Upon trial of assault to murder, there was no error in excluding testi-

mony as to what took place between defendant and the alleged injured party the day after the difficulty, as the same threw no light on the transaction.

**5.—Same—Evidence—Acts of Third Parties.**

Where neither defendant nor the third party were on trial for the transaction offered as testimony, there was no error in refusing to permit in evidence the details of their transaction.

**6.—Same—Charge of Court—Practice on Appeal.**

In the absence of a statement of facts, where the charge of the court is applicable to any state of facts that might be made by the testimony under the allegations in the indictment, this court will assume that the court below submitted to the jury the law of the case and all the law required by the testimony on any portion of same. Following Wright v. State, 37 Texas Crim. Rep., 146, and other cases.

**7.—Same—Deliberations of Jury.**

This court shall not consider the length of time a jury shall take in considering what verdict they shall render, and a bill of exceptions that the jury returned a verdict within ten minutes presents no error.

Appeal from the District Court of Cherokee. Tried below before the Hon. Jas. I. Perkins.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. E. Donley* and *L. D. Guinn,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted charged with assault to murder, convicted and sentenced to two years confinement in the State penitentiary.

There is filed with the papers what purports to be a statement of facts, but same is not approved by the judge trying the case. It has been held by this court in an unbroken line of decisions that to be of any validity whatever, the statement of facts must be approved and signed by the judge. (Lawrence v. The State, 7 Texas Crim. App., 192; Bennett v. The State, 16 Texas Crim. App., 236; Johnson v. The State, 29 Texas Crim. App., 210; Brooks v. The State, 2 Texas Crim. App., 1; Baldwin v. The State, 39 Texas Crim. Rep., 245; Counts v. State, 37 Texas Crim. Rep., 125.) There was no notice of appeal in the record, but counsel has sent a certified copy of an order overruling the motion for new trial in which notice of appeal appears to have been given, but there is nothing we can review in the absence of a statement of facts.

Appellant's attorneys in their briefs filed present several questions, and there are a number of bills of exceptions in the record, but they were prepared with a view that the record would contain a statement of facts. Bryant v. The State, 35 Texas Crim. Rep., 394, lays down the rule that a bill of exceptions in the absence of a statement of facts, must show upon its face that it contains all the evidence in

the trial in regard to the matter complained of. This the bills do not do. (Youngman v. The State, 35 Texas Crim. Rep., 80; Suit v. The State, 30 Texas Crim. App., 319.)

The first bill alleges that the evidence is insufficient to sustain the verdict, in that the evidence demonstrates appellant was acting in self-defense. It will be readily seen, we can not pass on this matter with no evidence before us. In the next bill a paragraph in the charge was excepted to on the ground that "it did not charge the law applicable to the facts in the case." Again, we can not pass on the matter, having no facts before us, especially so as the court does not approve what is alleged in the bill as facts, but disapproves same and refers us to the statement of facts, and there is no statement of facts in the record.

The court did not err in refusing to permit J. A. Caswell and G. W. Taylor to testify what took place between appellant and the alleged injured party the day after the difficulty. What is alleged they would testify could not and would not throw any light upon the transaction the night before.

It appears the court permitted it to be shown that appellant and Anderson had had a difficulty a year or more prior to the difficulty, but refused to permit the defendant to do more than prove such difficulty and would not permit him to go into the details of the difficulty. Neither appellant nor Anderson were on trial for the transaction, and it was not error to refuse to permit the details of that transaction to be introduced in evidence. To have done so, would have resulted in a trial of the merits of it.

We can not review the charge of the court in the absence of a statement of facts. No special charge was requested, and it was held in Wright v. The State, 37 Texas Crim. Rep., 146, in the absence of a statement of facts, if the charge is applicable to any state of facts that might be made by the testimony under the allegations in the indictment this court will assume that the court below submitted to the jury the law of the case and all the law required by the testimony on any portion of same. (Jones v. The State, 34 Texas Crim. Rep., 490; Yawn v. The State, 37 Texas Crim. Rep., 205; Johnson v. The State, 29 Texas Crim. App., 210.)

It is a rather novel proposition contained in the eighth bill of exceptions that the jury returned with a verdict after being out not exceeding ten minutes. The court's qualification of the bill is also instructive in that it alleges that counsel had made able and lengthy arguments, but we can not control the length of time a jury shall take in considering what verdict they shall render. This bill presents no error as there is nothing to show that it was the result of passion or prejudice.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied October 23, 1912. Reporter.]