DAN PILGRIM. V. THE STATE.

No.  5644.  Decided February 25, 1920.

1.—Burglary—Statement of Facts—Approved by Judge.

Where the document accompanying the record and called a statement of facts was not approved or authenticated by the trial judge, the same cannot be considered on appeal.  Following: Wright v. State, 37 Texas Crim. Rep., 3, and other cases.

2.—Same—Statement of Facts—Bill of Exceptions—Practice on Appeal.

In the absence of a statement of facts the presumption in favor of the correctness of the Court's ruling will prevail on appeal, unless the bill of exceptions is complete to a degree that renders the harmful error apparent without the statement of facts.  Following: Davis v. State, 2 Texas Crim. App., 162, and other cases.

3.—Same—Alibi—Charge of Court—Bill of Exceptions.

Where the bill of exceptions does not show that there was evidence making it incumbent upon the court to give a charge on alibi there was no reversible error.

4.—Same—Principals—Charge of Court.

Where there was no substantial vice in the court's charge on principals there is no reversible error.

5.—Same—Statement of Facts—Practice on Appeal.

In the absence of a statement of facts, complaints to the ruling of the court upon the admission or rejection of evidence cannot be considered on appeal.  Following: Hobbs v. State, 28 S. W. Rep., and other cases. An exception to this rule obtains where the evidence admitted is flagrantly irrelevant, etc.  Following: Hare v. State, 56 Texas Crim. Rep., 6, and other cases.

6.—Same—Evidence—Declarations of Defendant—Arrest.

Where the main contention in the bills of exception were so qualified by the judge that their efficacy was destroyed even if the statement of facts were at hand, and did not sustain the contention that defendant was under arrest when he made the statements, etc., there was no reversible error.

Appeal from the District Court of Upshur.  Tried below before the Hon. J. R. Warren, judge.

Appeal from a conviction of burglary;  penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*M. B. Briggs* and *C. E. Florence,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of alibi: Williams v. State, 60 Texas Crim. Rep., 453; Crane v. State, 57 id., 476.

On question of confessions: Roberts v. State, 201 S. W. Rep., 998; Girtman v. State, 73 Texas Crim. Rep., 158, 164 S. W. Rep., 1008.

MORROW, JUDGE.—The conviction is for burglary. The document accompanying the record denominated as statement of facts cannot be considered as such for the reason that the authentication by the trial judge, which is essential, is wanting. Wright v. State, 37 Texas Crim. Rep., 3, and other cases collated in Vernon's Texas Crim. Statutes, vol. 2, p. 819, note 22. In the absence of a statement of facts the presumption in favor of the correctness of the court's ruling will prevail on appeal, unless the bill of exceptions is complete to a degree that renders the harmful error apparent without the statement of facts. Davis v. State, 2 Texas Crim. App., 162; Henderson v. State, 20 Texas Crim. App., 304; and other cases collated in Branch's Annotated Texas Penal Code, sec. 602.

One of appellant's exceptions to the charge challenges its correctness in failing to charge upon alibi. The bill does not show that there was evidence making it encumbent upon the court to give such a charge, and we are in ignorance of the facts that were before him.

· As the matter is presented, we discern no substantial vice in the charge on principals.

In regard to the complaints of the ruling of the court upon the admission on rejection of evidence, in the absence of a statement of facts by which the appellate court may know the relation of the matters referred to in the bills to the case, or statement in the bill making this plain, it is impossible for the court on appeal to determine that the ruling complained of was erroneous or harmful. Hobbs v. State, 28 S. W. Rep., 814; other cases listed in Vernon's Texas Crim. Statutes, vol. 2, note 9, p. 814. An exception to this rule obtains in instances where the evidence admitted is flagrantly irrelevant and obviously injurious, or is such as is forbidden by statute. Peterson v. State, 70 S. W. Rep., 978, Denton v. State, 42 Texas Crim. Rep., 427; Hare v. State, 56 Texas Crim. Rep., 6; Brown v. State, 57 Texas Crim. Rep., 269. In the case before us, none of the matters are brought within these exceptions. The property stolen was bacon. One bill complains of the admission of evidence that the floor of appellant's buggy was greasy, and complains also of a certain conversation with him in which the appellant made explanation that he had gotten some meat from the home of his father-in-law; and further that on the arrest of an accomplice the appellant offered to put up $100 if the officers would permit the accomplice to remain at

the home of appellant. The qualification to the several bills upon these subjects would destroy their efficacy, even if a statement of facts were at hand. The main contention in them is that appellant was under arrest when the statements were made. The bills as prepared by appellant do not sustain this contention; it is negatived in the qualification; and there is an absence of a showing that there were not circumstances connected with it which would have rendered it admissible even though the appellant had been under arrest at the time.

Finding no errors pointed out in the record, the judgment is

*Affirmed.*