### POWER v. STATE.    (No. 9232.)

(Court of Criminal Appeals of Texas.    March 11, 1925.)

**1. Larceny ⬤⇒27—Taking of hat knocked off by confederate would be theft from person by both.**

Where hat was knocked off by one, its taking by another, of two confederates, and stealing of money therein, constituted theft from the person by both.

**2. Indictment and information ⬤⇒174—Conviction of one, accused alone, sustained, though shown to have acted with another.**

Although accused be charged in indictment as only actor, and proof shows he acted with another, conviction is warranted whether case is submitted under law of principals, or as though he were acting alone.

**3. Criminal law ⬤⇒1056(1)—Objection that law of principals was not submitted not open, in absence of exceptions.**

Where accused is shown to have acted with others, objection that law of principals was not submitted to jury will not be available, in absence of exception to charge.

**4. Criminal law ⬤⇒1186(4)—Failure to submit law of principals held not to call for reversal.**

Where accused was acting with others in committing theft from the person and shown to be guilty, failure to submit law of principals in charge which was not excepted to, even if error, would not require reversal, in view of Code Cr. Proc. 1911, art. 743.

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

Leon Power was convicted of theft from the person, and he appeals.    Affirmed.

Seale & Denman, of Nacogdoches, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J.    Appellant was convicted in the district court of Nacogdoches county of theft from the person, and his punishment fixed at four years in the penitentiary.

There are no bills of exception in the record, and the only complaint here made is of the testimony. The prosecuting witness testified that he had his money in his hat band, and that on the night in question as he was going along he passed a negro woman and a man, and that a little further he was accosted by appellant. While talking to appellant, some one knocked his hat off his head and that it was grabbed by appellant who ran with it. Witness testified that he grabbed at the hat, and looked back to see and two people were running away. Appellant turned in back of a gin, and witness saw three people running up the road close together. He said these were the two persons whom he had previously seen together and this appellant. He reported the matter, and instituted a search for his hat and property, and presently found his hat, but minus the money and the hat band. It was also shown that the next morning appellant was arrested and $2 and some cents taken out of his pocket and a $20 bill found in the toe of his shoe. Appellant made a written confession, in which he admitted that this was the money of prosecuting witness. The confession of appellant contained the statement that prosecuting witness and the woman agreed to go into a ginhouse for purposes of copulation, and that after they started into the gin the woman called him, and told him she was going to throw prosecuting witness' hat and pocketbook down, and for him to get it, and she would give him part of it. He further stated that after they went into the ginhouse the woman threw the hat and pocketbook of prosecuting witness down, and that he took the pocketbook and ran up the street, and later got with the woman and told her all the money that prosecuting witness had was $4.30, and they divided it, he taking $2 and she $2.30. The appellant introduced as a witness in his behalf said woman, who testified that, while she and prosecuting witness were together in the gin, the hat of said witness fell off his head while they were on a stairway.

[1-4] We are not inclined to agree with appellant's contention. It appears from appellant's own confession that he and the woman were acting together in the commission of a theft from the person of prosecuting witness. It also appears from the testimony of said prosecuting witness that appellant and the party who ran up the road with him acted together in knocking witness' hat off and stealing his money. If the hat of said witness was knocked from his head by one person, with any kind of understanding or agreement or concert of action on the part of appellant that he should appropriate it and the money in the hat band, this would in law be a theft from the person by both and each of them. In oral argument appellant insists that he could not be convicted upon the theory that he was the principal offender with another. This position seems to be contrary to the rule laid down in Robinson v. State, 37 Tex. Cr. R. 195, 39 S. W. 107, a case very similar both in fact and legal application to that before us. One who acts with others in the commission of a crime is guilty of that which is done by each and

all of the others, and, if the case is submitted to the jury upon the law of principals, and the facts support the guilt of the accused, he is without complaint, even though he be charged in the indictment as the only actor. Likewise, if he be charged in the indictment as the only offender, and the proof shows him to be guilty with others, and the case is submitting to the jury as though he were acting alone, and his guilt made to depend on his own acts alone, these facts would in law support a conviction. If he wishes to complain of the charge because it does not submit the law of principals, he must do so by an exception. The facts showing appellant to be guilty, and, the court submitting the law of theft from the person in an appropriate charge which is not excepted to, would seem to leave us no option but to affirm the case. The plain requirement of article 743 of our Code of Criminal Procedure is that an error in the charge not calculated to affect the rights of the accused shall not call for a reversal. The Robinson Case, supra, discusses also the effect upon the rights of the accused of a charge not excepted to in a case in which the guilt of the accused is apparently without question.

Finding no error in the record affecting the rights of the appellant, the judgment will be affirmed.