SAM BIGGS v. THE STATE.

No. 12845.   Delivered December 4, 1929.
Rehearing denied January 29, 1930.
Reported in 23 S. W. (2d) 729.

The opinion states the case.

*W. H. Graham* of Houston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, Judge.—Conviction is for wife and child desertion, punishment being thirty days in jail, and by a fine of $100.00.

No statement of facts is brought forward. Several bills of exception are found in the record. They relate to the admission and rejection of certain evidence. It is impossible for us to appraise such complaints without knowing what facts were proven.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The motion for rehearing is based upon the idea that certain alleged errors pointed out in the bills of exceptions demand a reversal of the judgment although there is before this court no statement of the facts that were heard upon the trial.

"In the absence of a statement of facts the appellate court will not appraise a bill of exception complaining of the admission or exclusion of testimony, unless the bill has been so drawn as to demonstrate that the ruling was erroneous and was calculated to injure the accused." (Texas Jurisprudence, Vol. 4, sec. 168.)

There are exceptions to the rule as where the evidence admitted is flagrantly irrelevant and obviously injurious. See Pilgrim v. State, 87 Tex. Cr. R. 6, and numerous other cases cited under the quotation above in notes 17 and 18, p. 235.

It appears from a bill of exception that the appellant's wife and children were voluntarily in Oklahoma from sometime in the year 1925 until August, 1928, but in the development of the testimony, the wife declared that while in Oklahoma they were in destitute circumstances. The trial was had before the judge without a jury. In qualifying the bill the judge states that the offense was charged to have been committed in the State of Texas on the 27th day of November, 1928, and that in the trial reliance was had upon proof of the offense so committed.

From a bill it appears that the appellant offered testimony to the effect that sometime prior to the filing of the complaint, the wife of the appellant had taken into her home a child other than that of the defendant or his wife and that she was maintaining it.

In another bill complaint is made of the reception of evidence that sometime in 1923 or 1924 a deputy sheriff was called to the home of the appellant; that he found the wife and children without food and gave them money.

In passing upon the bills the court, in the absence of a statement of facts, must presume that there was adequate evidence to support the charge contained in the information. That in the hearing before the trial judge there may have been received improper testimony will not ordinarily be cause for reversal unless it is made to affirmatively appear from the bill of exceptions that the ruling was calculated to injure the accused. The same principle applies to rejected evidence. Moreover, when the evidence is submitted to the judge without a jury, the presumption on appeal will be against the idea that the improper testimony will affect the result. To reverse in a given case tried by the judge, the necessity for showing the probability of injury is imperative. In the present case, without knowledge of the proof that was before the judge, this court is without tangible ground for holding erroneous the ruling on evidence prejudicial to the accused. In his qualifications to the bills, the court indicates that his decision rests upon the proof of the offense committed in November, 1928.

We find nothing in Art. 603, P. C., 1925, which, under the facts before this court, presents any serious question touching the jurisdiction of the offense in the court in which the case was tried. The statute in question reads thus:

"Any offense under this chapter shall be held to have been committed in the county in which such wife, child or children may have been at the time such abandonment occurred, or in the county in which such wife, child or children shall have resided for six months next preceding the filing of the indictment or information."

As we understand the record, the abandonment took place in Reeves County, on the 27th of November, 1928, where the case was tried, at which time, as we gather from the record, the wife and children of the appellant were in that county. It is not deemed necessary that they should have been in such county six months immediately preceding the filing of the information.

The motion for rehearing is overruled.

*Overruled.*