## TOMMIE GALLAHER V. THE STATE.

No. 15883.   Delivered May 10, 1933.
Rehearing Denied October 4, 1933.
Reported in 63 S. W. (2d) 382.

The opinion states the case.

*C. S. Farmer* and *Joe W. Taylor*, both of Waco, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for two years.

The record is before us without a statement of facts.

The only bill of exception brought forward relates to the action of the court in permitting the district attorney to introduce in evidence appellant's written confession. Embraced in the warning, which is a part of the written confession, it is recited that "I, Tommie Gallagher, being under arrest and charged with burglary and theft over $50 and being warned by F. J. Bauerle, assistant district attorney, that I do not have to

make any statement at all, and that any statement I make may be used in evidence against me on my trial for the offense concerning which this confession is herein made, do freely and without compulsion or persuasion make to the said F. J. Bauerle the following statement and confession." Following the warning, a statement showing appellant's guilt of the offense of burglary is set forth. The confession is signed "T. L. Gallaher" and witnessed by Wm. Buchanan. The specific objection was that it was shown on the face of the confession that it was made by "Tommie Gallagher," whereas such instrument was signed by "T. L. Gallaher." The qualification to the bill of exception shows that appellant testified that the confession introduced in evidence was made by him to F. J. Bauerle on the date therein set forth without compulsion or persuasion, and that same was freely and voluntarily made. Further, the qualification shows that the confession was taken in accordance with article 727, C. C. P. In short, the testimony identifies appellant as the person who made and signed the confession.

Appellant relies upon Overstreet v. State, 150 S. W., 630, and LaFell v. State, 153 S. W., 884. In those cases it was said in effect that the written confession must be complete and can not be supplied extraneously. We know of no case holding that a confession is inadmissible merely by reason of the fact that there is on the face thereof a variance between the name of the accused as shown in the statement and as signed to the instrument, where the proof shows that the accused is the person who made the confession. While the case of Mathews v. State, 249 S. W., 1072, is not directly in point, it throws some light on the question under consideration. In that case the written confession introduced in evidence was signed "Mack Mathes," and was witnessed by two witnesses. In the indictment, the appellant's name appeared as "Mack Mathews." Objection was made to the receipt of the confession on the ground that it did not purport to have been signed by the appellant. On this issue the testimony of the subscribing witnesses and the county attorney was introduced in evidence, showing without dispute that the signature to the confession was written by the appellant and witnessed by them in his presence, and that they saw the appellant sign such statement. Again, the appellant testified that he signed it. In disposing of the contention that the confession was improperly admitted, this court said: "The objection, we think, is not meritorious." We are constrained in the instant case to hold that the confession was properly admitted.

If it should be conceded that appellant's objection was well

taken, in the absence of a statement of facts or a recital in the bill that it contained all the facts, we would not be warranted in ordering a reversal. The bill does not contain the recital mentioned.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing appellant renews his contention that there was error in receiving his written confession in evidence. The conclusion reached in the original opinion is regarded as correct. However, in addition to the remarks there made, the following reference is made to the facts set forth in the bill of exception and the court's explanation of the bill: On the face of the confession the appellant was described as "Tommie Gallagher," whereas the signature is "T. L. Gallaher." The prosecuting officer to whom the confession was made testified that he was acquainted with the appellant and that the appellant was the identical person who signed the confession as T. L. Gallaher; that the confession was written before the witness and the name "Tommie Gallagher" was inserted upon information from the appellant that that was his Christian name. Appellant testified as a witness in his own behalf and admitted that the confession was made by him. The Christian name written in the confession is consistent with the signature. The middle initial is not of consequence. From Ency. of Law & Proc., vol. 29, p. 265, the following is taken:

"Under the well-settled rule that the law recognizes only one christian name, it has been repeatedly held that the insertion, or omission of, or mistake in, a middle name or initial in a criminal as well as in a civil proceeding, is therefore immaterial."

The contention of the appellant that the law excludes any evidence explanatory of the apparent discrepancy growing out of the fact that in the document the Christian name is written in full and in the signature the initial is used is not regarded as tenable.

The motion for rehearing is overruled..

*Overruled.*