JOHNNIE McDOWELL V. THE STATE.

No. 16671.   Delivered April 18, 1934.
Rehearing Denied May 9, 1934.

*Affirmed.*

The opinion states the case.

*Shropshire & Sanders,* of Brady, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of theft, and his punishment assessed at confinement in the State penitentiary for a term of two years.

The record is before us without any statement of facts, and

only one bill of exception, in which the appellant complains of error in the admission of testimony, but, in the absence of a statement of facts, we are unable to properly appraise the bill.

The judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Responding to appellant's motion, we state that we recognize as correct what we said in Pilgrim v. State, 87 Texas Crim. Rep., 6, and that there may be cases in which on appeal no statement of facts is found, but the recitals in bills of exception be such as to make it obvious that the complaint therein is well founded,—but we do not think the case before us falls in such category. The complaint in the bill is that the State was allowed to re-cross-examine appellant as a witness and ask him if he had not told the sheriff that he "pulled" that big burglary at Walker-Smith Company." In approving this bill the court states that appellant took the witness stand and was a material witness for himself, and on cross-examination was asked by the State, for impeachment purposes, if he had not been indicted twice for felonies within the past five years, which appellant admitted to be true; that on redirect examination appellant testified that he was not guilty in the cases mentioned,—one of which was the Walker-Smith Company burglary, and that the cases had been dismissed; that on recross-examination the State asked him if he did not tell the sheriff that he pulled the Walker-Smith burglary, and appellant admitted that he had so stated. These facts take this case out of the rule in Pilgrim's case, supra. Appellant having sworn,— in order to meet the State's impeachment of him by his own admission that he had been indicted for a felony,—that he was wrongfully so indicted, and was not guilty in the cause mentioned, the State might on recross-examination ask him, in effect, if he had not made a false statement in saying he was not guilty because he had admitted to a witness named, in effect, that he was guilty. We do not think the bill of exceptions shows that the court was in error in admitting the testimony.

The motion for rehearing is overruled.

*Overruled.*