## A. H. Jackson v. The State.

No. 17023. Delivered November 28, 1934.
Reported in 76 S. W. (2d) 1046.

The opinion states the case.

*Chandler & Chandler,* of Stephenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—The offense is rape; penalty assessed at confinement in the penitentiary for five years.

The indictment was returned on the 3rd day of August, 1933. It contains the averment that the subject of the offense was a female under the age of eighteen years and not the wife of the appellant.

A statement of facts was prepared and signed by the court reporter on October 1, 1933. The approval of the trial judge bears date November 15, 1933.

The motion for new trial was overruled on August 25, 1933, and an order was made allowing ninety days after adjournment of court within which to prepare and file the statement of facts and bills of exception. The court adjourned on August 26, 1933. The statement of facts was filed in the trial court on June 6, 1934, which was obviously more than ninety days after the adjournment of the term of court at which the judgment of conviction was entered. The statute, article 760, C. C. P.,

precludes the consideration of the statement of facts for the reason that it was filed more than ninety days after the appeal.

The bills of exception are quite long. We have examined them with the view of ascertaining whether in them there was shown the violation of any provision of the law which would require a reversal of the judgment in the absence of a statement of facts, such as an uninvited comment of the failure of the accused to testify.

It is contended in the bills of exception that there was error in permitting the introduction of testimony tending to show that appellant was married to another woman upon the date of the alleged offense, and in support of his contention appellant cites the following cases: Wilkerson v. State, 131 S. W., 1108; Smith v. State, 68 S. W., 995; Hastings v. State, 43 S. W. (2d) 113; McDuff v. State, 281 S. W., 1073; Smith v. State, 74 S. W., 556.

In order to work a reversal in the absence of a statement of facts, it is essential that the bills of exception show that all the evidence which was before the jury is embraced in the bills. The principle is stated in Tex. Jur., vol. 4, p. 234, sec. 167, and p. 235, sec. 168; also in Branch's Ann. Tex. P. C., p. 309, sec. 602. The bills of exception in the present instance do not show that in the statement of facts there is not evidence not embraced in the bills. The statement of facts was filed too late for consideration and therefore can legally give this court no knowledge of the evidence heard by the jury. Nor is the record such as to bring the case within the exceptions to the rule above stated. The only exception to the rule mentioned is that which authorizes a reversal where it is shown that in the conduct of the trial there were acts specifically forbidden by the statute, such as in Hare v. State, 56 Texas Crim. Rep., 6; Brown v. State, 57 Texas Crim. Rep., 269, in which cases the bills of exception showed that upon the trial there were transgressions or violations of matters expressly forbidden by the statute, such as the comment upon the failure of the accused to testify. In the present record, the presumption must be indulged, in the absence of a statement of facts, that no transgression of the command of the statute took place.

As the record is presented, this court, in the absence of a statement of facts, has no choice but to order an affirmance of the judgment of conviction, which is accordingly done.

*Affirmed.*