### PETE KELLEY V. THE STATE.

No. 17660. Delivered December 4, 1935.

Appeal Reinstated January 8, 1936.
Rehearing Denied March 4, 1936.

The opinion states the case.

*Estes & Estes,* of Granbury, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is driving an automobile upon a public highway while intoxicated; the punishment, confinement in the penitentiary for one year.

No sentence appears in the record. The offense of which appellant was convicted being a felony, it was the duty of the trial court to pronounce sentence upon the judgment of conviction. In the absence of a sentence this court is without jurisdiction. McCloud v. State, 60 S. W. (2d) 237.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION TO REINSTATE THE APPEAL.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

Appellant seeks a reversal of the judgment on the ground

that he has been deprived of a statement of facts. Looking to the record, it is observed that the motion for a new trial was overruled December 31, 1934, and notice of appeal given on the same date. On the 25th of February, 1935, appellant filed an affidavit to the effect that he was unable to pay for a statement of facts or give security therefor. On the 31st of March, 1935, appellant's attorney wrote a letter to the trial judge calling his attention to the affidavit. This letter was not received by the judge until the 6th of April, 1935, due to the fact that he was engaged in the trial of cases in another county of his district, and was not in the town to which the letter was addressed. Stating his reasons for declining to order the court reporter to prepare a statement of facts, the trial judge calls attention to the fact that the time for filing said statement of facts had expired at the time the affidavit was called to his attention. Under the circumstances, we think that appellant failed to use sufficient diligence. The mere filing of the affidavit was not sufficient. It was incumbent upon appellant to call the affidavit to the attention of the trial judge. Sisson v. State, 244 S. W., 1012. He made no attempt to do so until it was too late to prepare and file the statement of facts within the time provided by the statute. See Art. 760, C. C. P.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—On December 4, 1935, this appeal was dismissed because the record showed no sentence. A motion to reinstate the appeal was filed on December 7, 1935, accompanied by a certified copy of the sentence referred to. On January 8, 1936, the case was again considered, the appeal was reinstated and the judgment of the trial court was affirmed. No statement of facts was found in the record filed within the time allowed by statute. Appellant now moves for a rehearing, insisting that the failure to have the statement of facts filed within the time allowed by law was not chargeable to him.

The motion for new trial in this case was overruled on December 31, 1934. Under our law, Art. 760, C. C. P., appellant had ninety days within which to have his statement of

facts filed in the court below. The record shows that on January 30, 1935, appellant filed his pauper's affidavit in due form. In his motion for rehearing he asserts that during the interval between January 30, 1935, above referred to, and March 31, 1935, he was using every possible effort to secure the money to pay for a statement of facts. It is further stated that on March 31, 1935, appellant went to Stephenville, Texas, the home of the trial judge, for the purpose of having him "Pass on said affidavit," but the judge could not be reached, and on that date appellant addressed a letter to the judge asking him to pass on same. It appears that the trial judge did not receive this letter until April 6, 1935, it being made to appear that he was engaged in the conduct of a term of his court in Palo Pinto County, which fact the judge asserts was known to appellant's counsel.

Computation of the time from the overruling of appellant's motion for new trial shows the expiration of the ninety day period to be on April 1, 1935. It is to be regretted that the affidavit of appellant's inability to pay the cost of the statement of facts was not brought to the attention of the trial court so as that he might be given an opportunity to make an order directing the preparation of such statement without pay as is provided by law. It is unquestionably true that times for holding court in the different counties presided over by the judge of the court below, are fixed by statute and known to the legal profession. We are not able to say that the mailing of a letter at Granbury in Hood County on March 31st,—one day before the expiration of the ninety day period allowed by law for the filing of statement of facts,—could be held by us sufficient diligence on the part of appellant. The requirements of the statute are fixed and well known, and we are impelled to hold that diligence would have required earlier and more zealous effort on the part of appellant's counsel to bring to the attention of the court below said affidavit.

The motion for rehearing is overruled.

*Overruled.*