WILLIS MURPHY v. THE STATE.

No. 17931.   Delivered February 19, 1936.

The opinion states the case.

*W. T. Davis,* of San Augustine, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Assault with intent to murder is the offense; penalty assessed at confinement in the penitentiary for two years.

The prosecution was brought in San Augustine County, but upon a change of venue the case was tried in Shelby County. The appellant was convicted and his penalty was assessed as above stated.

The case is before this court without statement of facts or bills of exception.

On April 27, 1935, the appellant's motion for new trial was overruled and notice of appeal given. On June 3, 1935, appellant presented to the Clerk of the District Court of Shelby County an affidavit to the effect that he desired to appeal his case to the Court of Criminal Appeals and was "unable to pay the cost of appeal, or any part thereof, or to give security therefor." The judge presiding in the court in which the case was tried placed in the record a statement to the effect that on July 22, 1935, he was called over the telephone by the attorney for the appellant and advised of the filing of the affidavit above mentioned. Upon receiving such telephone communication, the judge immediately directed the court reporter to prepare a narrative statement of facts of the case and deliver same to the appellant. From the statement we quote: "In this connection, I certify that I did not know of the filing of said affidavit until informed thereof by said attorney about 4 o'clock P. M. on this date, from any source whatever, and had not heard of it from any source whatever until said time."

The appeal reached this court on July 26, 1935.

A reversal of the judgment of conviction is sought upon the ground that appellant was reprived of a statement of facts.

It is provided in the statute, Art. 760, C. C. P., that a statement of facts may be considered when filed within ninety days after notice of appeal is given.

At the time the trial judge was informed of the appellant's desire to have a statement of facts, there were but four days remaining within the time for the filing of the statement of facts. The judge immediately ordered the preparation of the statement of facts but what efforts were made to perfect it and what further steps, if any, were taken by appellant to acquire the statement of facts is not revealed by the record.

On the subject in question the courts have declared that the burden is upon the accused to be diligent in his efforts to have a statement of facts prepared by the court reporter. Among the precedents on the subject are Fuller v. State, 110 Texas Crim. Rep., 631; Sisson v. State, 92 Texas Crim. Rep., 601; Gonzales v. State, 76 Texas Crim. Rep., 493; Texas Jur., Vol. 4, p. 418, sec. 286.

Upon the record before us, we are constrained to conclude that appellant was not diligent in pressing his claim or desire that he be furnished a statement of facts without pay. The trial court was not informed on the subject until nearly ninety days had elapsed. There is nothing in the record to indicate that appellant used any diligence to notify the court reporter of his desire to have a statement of facts.

The judgment is affirmed.

*Affirmed.*