COURTNEY FRANCIS V. THE STATE.

No. 18793.   Delivered February 17, 1937.
On Motion for Rehearing June 16, 1937.

The opinion states the case.

*F. A. Craven* and *J. W. Taylor,* both of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Robbery by assault is the offense; penalty assessed at confinement in the penitentiary for ten years.

592

The record is before us without statement of facts or bills of exception.

The judgment of conviction was rendered May 8, 1936. The motion for new trial was overruled on July 29, 1936, and notice of appeal given on that date. On October 26, 1936, appellant presented to the trial judge her affidavit of inability to pay for the statement of facts, which was eight-nine days after the date on which notice of appeal was given. Thus only one day remained for the preparation of the statement of facts in order that it might be filed within the ninety days allowed by law.

From the affidavit of the court reporter it appears that at the time of the filing of appellant's affidavit of inability to pay for the statement of facts he was engaged in reporting a contested criminal case which rendered it practically impossible for him to prepare the appellant's statement of facts within the prescribed time. No adequate explanation is given for the failure of the appellant to file her affidavit for a copy of the statement of facts at such time as would enable the court reporter to prepare the same within the ninety days after the overruling of appellant's motion for new trial and the giving of the notice of appeal. Under the circumstances reflected by the record, we think there was a lack of proper diligence upon the part of the appellant to procure the statement of facts within the time allowed by law. See Murphy v. State, 91 S. W. (2d) 738; Kelley v. State, 91 S. W. (2d) 343.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The State moves for rehearing. The record in this case was brought here in piecemeal, and in such case we often have difficulty in correctly connecting and relating the points raised, and in deciding the matters involved. Upon mature consideration we have concluded our judgment of reversal was erroneous, and same is withdrawn and the following is substituted:

After the appellant's motion for new trial was overruled on July 29, 1936, she presented to the court of date October 26, 1936, her affidavit of inability to pay for a statement of facts or to give security therefor; coupled with which was her request for an order to the court reporter directing him to make and deliver to her, without cost to her, a statement of the facts

herein. This application was refused by the trial court without statement of his reasons.

We note from the affidavit of the court reporter, appearing as part of this record,—his sworn statement that it was physically impossible for him to prepare for appellant such statement of facts within the ninety day period fixed by the terms of Art. 760, C. C. P., as the time limit, following the overruling of the motion for new trial, within which a statement of facts must be prepared and filed in the trial court. The record further shows that on the same day, to-wit: October 26, 1936, appellant filed her sworn controversy of the affidavit of the court reporter. Both these documents and matters supporting them were before the trial court when he made his order refusing appellant's request.

The question as to diligence required of one convicted of crime, in the matter of procuring a statement of facts for use on appeal, has often been before this court. One of the most recent cases is Murphy v. State, 91 S. W. (2d) 738, which cites a number of authorities. The case of Capps v. State, 93 S. W. (2d) 407, is almost identical, upon the facts and issues involved, with the case before us. From the opinion in that case it appears that the affidavit of inability to pay for a statement of facts, and the request that one be furnished free, was filed eighty-nine days after notice of appeal. Such is the case here. In the Capps case, supra, the court made an order which appears not to have been complied with. We said in the opinion in that case: "It is not shown that the statement of facts could have been filed in time if the order had been complied with," and the judgment was affirmed. The instant case presents itself more strongly against appellant's contention. The record here shows that had the order been made it would have been physically impossible to comply therewith.

A re-examination of the record leads us to the conclusion that no sufficient reason appears as excusing appellant from the use of reasonable diligence in the matter under discussion. One in the situation of appellant may not wait until the last day of the ninety days in which to make and present the request referred to. The statute gives him ninety days to procure a statement of facts, and it should be held that he waits until the last moment at his peril. See Tex. Jur., Vol. 4, Sec. 286, where the decisions of this court, as well as the rules of procedure deduced therefrom, are discussed at some length.

The State's motion for rehearing is granted, the opinion of reversal is withdrawn, the judgment of reversal is set aside,

and the original judgment of affirmance is re-instated, and appellant's motion for rehearing of said original opinion is overruled.

*Overruled.*