## LILLIAN WOODS V. THE STATE.

No. 19407.   Delivered February 9, 1938.
Rehearing denied March 23, 1938.

The opinion states the case.

*Bryan Blalock* and *W. R. Smith, Jr.*, both of Austin, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for robbery, punishment assessed being five years in the penitentiary.

Notice of appeal was entered on June 24th and eighty days granted from that date in which to file statement of facts and bills of exception. Later a further extension of ten days was allowed. The full 90 days expired on September 22d. On September 21st appellant filed an affidavit with the clerk of the trial court stating that she was unable to pay for a statement of facts or to give security therefor, and on the same day the trial judge entered an order directing the court reporter to furnish appellant such statement of facts. No statement of facts is found in the record. There is no showing of any effort on the part of appellant or her attorney to secure a statement of facts until one day before the expiration of the ninety-day extension, and the record is silent in regard to the matter after the trial judge made the order on September 21st. We must hold that appellant is not entitled to a reversal because of being deprived of a statement of facts without negligence on her part. The circumstances regarding the matter—that is, of only one day remaining after the order for statement of facts was requested—are precisely the same as occurred in Capps v. State, 93 S. W. (2d) 407, and in Murphy v. State, 91 S. W. (2d) 738. See also Kelly v. State, 91 S. W. (2d) 343, and Francis v. State, 106 S. W. (2d) 279.

The bills of exception can not be appraised in the absence of a statement of facts.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In her motion for rehearing appellant insists that this Court should take cognizance of the bills of exception found in the record even though no statement of facts has been filed in the appeal. It is well settled that bills of exception can not be appraised by this Court in the absence of a statement of facts. To warrant a reversal of the conviction in the absence of the statement of facts, the bill of exception must show that all the evidence adduced before the jury is embraced in the bills. See Tex. Jur., Vol. 4, p. 234, Sec. 167; Jackson v. State, 79 S. W. (2d) 1046. The bills of exception in the present instance are not sufficient to meet the requirements of the rule stated, and therefore can not be considered by this Court.

The motion for rehearing is overruled.