WANDA BISHOP V. STATE

No. 26,994.   June 2, 1954
Rehearing Denied June 26, 1954

334

*Burks and Brown,* by *Burton S. Burks,* Lubbock, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was jointly charged by complaint and information with "acting together" with Orus Bishop in the unlawful sale of whiskey in a dry area. Motion for severance was granted and, upon trial by jury, appellant was convicted and her punishment was assessed at a fine of $350.

No statement of facts accompanies the record.

By Bill of Exception No. 1, appellant challenges the sufficiency of the evidence to show the guilt of appellant and especially to establish the identity of the appellant as the person who sold the whiskey in question.

This bill of exception fails to state that it contains all the evidence adduced upon the trial or all the evidence introduced before the jury as to the identity of the accused as the person who sold the whiskey in question. There is a presumption in favor of the regularity of the conviction, which will prevail upon appeal in the absence of a statement of facts, unless the bill of exception states that it contains all the evidence on the question raised thereby. Bryant v. State, 35 Texas Cr. R. 394, 33 S.W. 978; Robinson v. State, 37 Texas Cr. R. 195, 39 S.W. 107; Williams v. State, 67 Texas Cr. R. 590, 150 S.W. 185; Pilgrim v. State, 87 Texas Cr. R. 6, 219 S.W. 451.

By Bill of Exception No. 2, appellant contends that the court erred in his charge to the jury in submitting the facts and applying the law thereto because the evidence is insufficient to show the guilt of the appellant as charged.

This bill of exception certifies that "the only evidence in the case concerning the alleged acting together of Wanda Bishop and Orus Bishop is contained in the testimony of Leon Yeager," which is set out by being quoted in part and summarized in part.

The court charged the jury that if they found beyond a reasonable doubt that "Wanda Bishop acting together with Orus Bishop * * * did unlawfully sell to Leon Yeager * * * whiskey," then they were authorized to convict appellant.

The facts, as certified in the bills of exception, show that the purchaser dealt, through a one-way glass, with a woman. During the conversation that led to the sale, a man's voice was heard to say "That is all right."

Upon entering the building, appellant and her husband were found near the door, the husband having in his pocket the $10 bill the purchaser had placed in the slot as directed by the lady.

There was no man there other than Orus Bishop, appellant's husband. Appellant's voice, according to the testimony of the purchaser was to him "the same voice he heard when he was on the porch."

Except for two children, the only other person in the house was an elderly woman whose voice did not sound like the voice he had heard.

In the absence of a statement of facts containing all of the evidence, we cannot agree that the bills of exception show or are sufficient to present the question of the insufficiency of the evidence to sustain the conviction or to show reversible error in the court's charge. In Woods v. State, 134 Texas Cr. R. 206, 114 S.W. 2d 551, we said: "To warrant a reversal of the conviction in the absence of a statement of facts, the bill of exception must show that all the evidence adduced before the jury is embraced in the bill." See also 4 Texas Jur. 234, Sec. 167; Jackson v. State, 127 Texas Cr. R. 329, 76 S.W. 2d 1046; Gallaher v. State, 124 Texas Cr. R. 398, 63 S.W. 2d 382.

The husband and wife appear to have been acting together in what was done on the occasion and were therefore accountable as principals.

The court charged the jury, in part, as follows: "You are further instructed that an information is no evidence of guilt. It is merely the pleadings of the state in the prosecution for crime, and you will not consider the information in the case as any evidence of guilt." Appellant objected to the portion which reads "It is merely the pleadings of the state in the prosecution for crime," because same is on the weight of and is a comment upon the evidence.

We are of the opinion that when considered with the remainder of the paragraph, the portion complained of was not reasonably calculated to injure the rights of appellant.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.

### ON MOTION FOR REHEARING

MORRISON, Judge.

We have now been furnished with a statement of facts which was filed with the trial court in ample time.

We shall proceed to examine Bill of Exception No. 1 in the light of appellant's contentions.

This being a misdemeanor, the appellant and her husband were properly jointly charged as principals. From the evidence, it is shown that Officer Yeager went to the home of the appellant and her husband, rang the bell at the door, and a lady's voice said, "Come in"; that he then found himself facing a one-way mirror; that a lady's voice said, "What can we do for you, sir?" to which he replied, "I would like a pint of Bourbon DeLuxe, please"; that the lady's voice then asked him his name and for whom he worked. At that moment a man's voice spoke up and said, "That is all right," and the woman said, "Drop $4.00 in the slot, please." Yeager placed a $10.00 bill in the slot, and a few moments later the whiskey and his change were delivered to him through the slot. After this, Yeager walked out to his automobile, where he raised the hood and pretended to have trouble

"in order to give plenty of time for the other officers to get there with the search warrant." The other officers came with the warrant, and all of them entered the house, where they found the appellant and her husband near the door. Other than these two, there was an old lady knitting in the back room and two children. Upon a search of the premises, no further whiskey was found, but the money which was paid for the whiskey was found in the pocket of appellant's husband.

It was shown that the witness Yeager identified the voice of the appellant as that of the lady who talked to him concerning the whiskey and excluded the voices of the other adults present.

In Collins v. State, 77 Texas Cr. Rep. 156, 178 S.W. 345, 355, this court quoted with approval from Encyclopedia of Evidence as follows:

"Voice is a competent means of identification if the witness had any previous acquaintance with the person identified. It is sufficient that the witness has heard such person's voice but once previous to the time in question."

In Massey v. State, 266 S.W. 2d 880, (page 49, this volume) we said:

"Whether he heard the voice for the first time in the telephone conversation or in personal contact is immaterial. The personal contact which becomes the basis for identification of a telephone voice may be subsequent as well as prior to the telephone conversation."

In Huskey v. State, 159 Texas Cr. Rep. 557, 266 S.W. 2d 168, we affirmed a conviction based upon a one-way mirror transaction such as we have before us here, but in that case the money which passed through the door was not recovered, as it was in the case at bar.

Remaining convinced that we properly disposed of this case originally, the appellant's motion for rehearing is overruled. No further motions for rehearing will be entertained.