### Ex parte Walter MACKERMAN, alias Frank F. Moore.

#### No. 36583.

Court of Criminal Appeals of Texas.

Feb. 19, 1964.

Rehearing Denied March 25, 1964.

Glenn Hausenfluck, Fort Worth, for appellant.

Henry Wade, Dist. Atty., C. M. Turlington, Asst. Dist. Atty., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

This is an appeal from an order entered in a habeas corpus proceeding, remanding appellant to custody for extradition to the State of Colorado.

At the hearing, the respondent introduced in evidence the executive warrant of the governor of this state, authorizing the arrest and return of appellant to the State of Colorado upon the demand of the governor of that state to answer a charge of aggra-vated robbery. The requisition of the governor of Colorado, together with the supporting papers, was also introduced in evidence.

Appellant objected to the introduction in evidence of the executive warrant on the ground that the fugitive was named therein as Frank *Rensley* Moore, with aliases, and that appellant's name was Frank *Frensley* Moore.

■ In admitting the warrant in evidence, the court did not err, as the omission or mistake in a middle name is immaterial. 40 Tex.Jur.2d, Sec. 4, page 374; Gallaher v. State, 124 Tex.Cr.R. 398, 63 S. W.2d 382.

■ The introduction in evidence of the executive warrant, regular upon its face, made out a prima facie case authorizing the remand of appellant to custody for extradition. Ex parte Hoover, 164 Tex.Cr.R. 251, 298 S.W.2d 579.

In an effort to show that he was not in the State of Colorado on April 15, 1963, the date the offense was alleged to have been committed, appellant called as a witness one Gwyndolen Sue Moore, who testified that she was appellant's wife and that appellant was with her in Fort Worth, Texas, from April 9, 1963, until April 19, 1963, except on April 11 and 12, when, he told her, he was in Dallas.

■ Appellant's wife, clearly, was not a disinterested witness and the court was not bound to accept her testimony as proof that appellant was not in the State of Colorado on the date the offense was charged to have been committed. Lee v. State, 117 Tex.Cr.R. 231, 34 S.W.2d 890.

The court had before him in the annexed papers an affidavit of the complaining witness, together with a photograph marked Exhibit A, which the witness, in the affidavit, swore was a photograph of the individual who committed the crime charged. The complainant further swore in the affidavit that the individual who had been iden-

tified to him as the defendant "Frànk Rensley Moore, aka Walter Mackerman, aka John Doe" was the same individual who committed the crime.

Under the record, we cannot say that the trial court erred in resolving the issue of appellant's presence in the demanding state against him and in remanding him to custody for extradition. See Delgado v. State, 158 Tex.Cr.R. 52, 252 S.W.2d 935, and Ex parte O'Connor, 169 Tex.Cr.R. 579, 336 S.W.2d 152, in support of the conclusion reached here.

The judgment is affirmed.

Opinion approved by the court.