**Alfredo C. MARTINEZ, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 13–81–050–CR.

(2037cr).

Court of Appeals of Texas,
Corpus Christi.

Feb. 11, 1982.

Robert Garza, Brownsville, for appellant.

Reynaldo Cantu, Jr., Crim. Dist. Atty., Brownsville, for appellee.

Before NYE, C. J., and UTTER and KENNEDY, JJ.

## OPINION

KENNEDY, Justice.

This appeal is taken from a conviction for aggravated robbery. No brief has been submitted by the State. A review of the record and the pertinent case law indicates that reversible error has been committed.

In a multifarious ground of error that will be reviewed nonetheless [1], appellant alleges fatal conflict between the indictment and the jury charge in that the latter permitted conviction on several theories not alleged in the indictment, and failed to include all the essential elements of the offense. All but one of appellant's assertions are without merit. We are of the opinion, however, that that single exception requires reversal.

In pertinent part, the indictment alleges that appellant did unlawfully:

"... while in the course of committing theft and with the intent to obtain and maintain control of property belonging to Donald Wayne Keener, the owner thereof: United States currency without the effective consent of said owner and with the intent to deprive the said owner of said property, did then and there *exhibit* [2] a deadly weapon, namely: a firearm, and did then and there intentionally and knowingly threaten and place the said Donald Wayne Keener, the owner of said property, in fear of eminent bodily injury and death...."

In contrast, the charge as submitted to the jury states in pertinent part:

"Now if you find, from the evidence, beyond a reasonable doubt that on or

---

1. See Article 40.09, § 9, V.A.C.C.P.

2. Emphasis throughout is that of this Court.

about the 8th day of April, 1980, in Cameron County, Texas, the Defendant, ALFREDO C. MARTINEZ, with the intent to deprive Donald Wayne Keener, the owner of his personal property, to-wit, United States currency belonging to said owner, did unlawfully appropriate or unlawfully attempt to appropriate from said Donald Wayne Keener said United States currency and that the Defendant, in doing so and with the intent to obtain or maintain control of said United States currency, then and there intentionally or knowingly threatened or placed said owner in fear of eminent bodily injury or death and if you find from the evidence beyond a reasonable doubt that the defendant, in committing the foregoing acts, if you do so find, *used or exhibited* a deadly weapon, to-wit: a firearm which was then and there in the manner of its use, capable of causing serious bodily injury or death, then you will find the Defendant guilty of AGGRAVATED ROBBERY, as charged in the indictment."

■ Where the charge authorizes conviction on a theory not alleged in the indictment, fundamental error has been committed requiring reversal, even though, as in the instant case, no objection to the charge was made at trial. *Gooden v. State*, 576 S.W.2d 382, 383 (Tex.Cr.App.1979). In *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr. App.1979), the Court delineated four ways in which fundamental error can arise when the jury charge is at variance with the allegations contained in the indictment. "[F]undamental error is committed when the charge to the jury authorizes conviction on the theory alleged in the indictment and on one or more other theories not alleged in the indictment. Such a charge would permit conviction on proof different from (and *sometimes* less than) that required to prove the allegations in the indictment." *Cumbie*, supra, at 734. Thus, it is apparently not essential that the additional theory in the charge require a greater burden of proof than that alleged in the indictment in order to constitute error.

■ Various tenable arguments are readily available for ascertaining situations wherein a firearm could be "used" without being "exhibited," and vice versa. We will not indulge ourselves in semantical theorizations. Aggravated robbery is defined as the commission of a robbery in which the actor "uses *or* exhibits a deadly weapon." Tex.Penal Code Ann. § 29.03(a)(2) (Vernon 1974). While the Legislature has not defined for us what constitutes "use" or "exhibition," it is apparent from the employment of the disjunctive "or" that a distinction exists. If the Legislature has seen fit to make such a conspicuous distinction, it is not within the province of this Court to ignore it or to say that it is of no consequence.

We find an analogous situation in *Lee v. State*, 577 S.W.2d 736 (Tex.Cr.App.1979). In that case, the Court was construing the effects of the language of Section 29.-02(a)(2) of the Penal Code which authorizes conviction for robbery upon a finding that the actor "threatened or places another in fear of eminent bodily injury or death." In *Lee*, the indictment alleged the *placing* of the complainant in fear as the operative element, while the charge, in contrast, authorized a conviction on that theory or upon a finding that the defendant *threatened* the complainant. In reversing, the Court held that this addition to the charge constituted an enlargement upon the allegation in the indictment since it authorized the jury to convict upon finding facts that had not been alleged.

In passing, we wish to note that we are not unaware of an older line of case law wherein it was held that in order for a charge which enlarges upon the allegations found in the indictment to constitute reversible error, there must be a showing that it operated to the prejudice of the defendant, i.e., that there was evidence to support a conviction on the additional theories contained in the charge. *Robinson v. State*, 37 Tex.Cr.R. 195, 39 S.W. 107, 108 (1897). As previously stated, we will not here attempt to distinguish between the "use" and the "exhibition" of a firearm. We wish to

point out, however, that there was no evidence that appellant utilized the shotgun by any means other than displaying it in a threatening manner. We find a certain wisdom in the analysis that deciding the facts is the jury's province, and our jury system is founded upon the notion that juries decide facts in accordance with the evidence. *Cameron v. Hauck*, 383 F.2d 966, 973 (5th Cir. 1967), *cert. denied* 389 U.S. 1039, 88 S.Ct. 777, 19 L.Ed.2d 828 (1968). While the *Robinson* case has never been expressly overruled, it appears that the Court of Criminal Appeals has reconsidered the approach taken therein and rejected it in favor of the fundamental error rule. See *Davis v. State*, 557 S.W.2d 303 (Tex.Cr.App. 1977) (Douglas, J., dissenting).

Having found fundamental error, we reverse the conviction and remand.

