Junius T. LOCKE, Appellant,

v.

The STATE of Texas, Appellee.

No. 42760.

Court of Criminal Appeals of Texas.

April 29, 1970.

Thorne Dobbins, Pasadena (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Ted Busch, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder with malice; the punishment, 15 years.

■ Appellant's first ground of error, if we properly understand it, is that the court erred in improperly limiting his cross examination of the witness Drake before the jury. During appellant's cross examination of the witness, a question arose, and the jury were retired. It was then developed that the witness was charged with burglary and had been charged with a shooting, but had been cleared of the offense. The court did not permit counsel to inquire as to his guilt concerning the burglary, but would permit counsel to ask the

witness if he had any interest in the case at bar. Upon the jury's return to the box, the following transpired:

"Q. (By Mr. Ballard) Anthony, do you feel that if you help or assist the State of Texas, that they, in return, will help or assist you?

"A. Yes."

No further questions were propounded. Clearly the court was correct in ruling on the burglary charge as the witness had not yet been tried, Luna v. State, Tex.Cr.App., 387 S.W.2d 896. We do not find that the trial court improperly limited appellant's cross examination of the witness.

■ His second ground of error relates to a telephone conversation which the witness Harris had with appellant on the morning after the homicide. The witness said that the person who called her identified himself as Locke. She had talked to appellant in person before and recognized his voice. While the witness stated that when she first took the telephone she thought she was speaking to someone else, she soon recognized appellant's voice. The court in the absence of the jury examined the witness, and overruled appellant's objection to her testifying. We said in Bishop v. State, 160 Tex.Cr.R. 333, 269 S.W.2d 372, the following:

"In Collins v. State, 77 Tex.Cr.R. 156, 178 S.W. 345, 355, this Court quoted with approval from Encyclopedia of Evidence as follows:

' "Voice is a competent means of identification if the witness had any previous acquaintance with the person identified. It is sufficient that the witness has heard such person's voice but once previous to the time in question." '

"In Massey v. State, Tex.Cr.App., [160 Tex.Cr.R. 49], 266 S.W.2d 880, 883, we said:

'Whether he heard the voice for the first time in the telephone conversation

or in personal contact is immaterial. The personal contact which becomes the basis for identification of a telephone voice may be subsequent as well as prior to the telephone conversation.' "

Finding no reversible error, the judgment is affirmed.

Morrison, Judge.