Charles Ray WRIGHT, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–01044–CR.

Court of Appeals of Texas, Dallas.

March 14, 1983.

Glen R. Snyder, Dallas, for appellant.

Henry Wade, Dist. Atty., Molly Meredith, Asst. Dist. Atty., for appellee.

Before GUITTARD, C.J., and CARVER and FISH, JJ.

GUITTARD, Chief Justice.

In this appeal from a conviction for aggravated robbery, appellant complains of the admission of identification testimony as being based on improperly suggestive pretrial identification procedures. We hold that even though the witness could not see the robber's face at the time of the offense, the procedure was proper, because the witness was able to identify appellant's photographic likeness as that of a person whose voice the witness recognized. Accordingly, we affirm.[1]

Appellant moved to suppress in-court identification of the complaining witness,

1. Other grounds of error are overruled in an unpublished opinion.

Raul Espinosa. At a hearing on the motion, Espinosa testified that on the day after the robbery he had identified appellant's photograph out of six shown to him in a photographic array. Espinosa stated that although the person who robbed him had a mask over his face, the robber's voice was familiar to him as that of a regular customer in his store. He testified that when he saw the photographs he was able to connect the customer's voice with appellant's likeness. Espinosa further stated that he could have identified appellant at the trial from hearing his voice without seeing the photographs. The court overruled the motion and admitted the testimony before the jury.

 Appellant contends that the photographic display was suggestive and that the testimony before the jury did not have an independent basis because the witness testified that he was not able to identify appellant from his physical appearance at the scene of the crime, but only by his voice. We do not agree. In order for a pretrial identification to invalidate a subsequent in-court identification, the pretrial procedure must be so impermissibly suggestive that a substantial likelihood of misidentification arises. *Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968); *Turner v. State,* 614 S.W.2d 144, 146 (Tex.Cr.App.1981); *Coleman v. State,* 505 S.W.2d 878, 880 (Tex.Cr.App.1974). Espinosa's testimony merely established that he believed appellant's photograph was one of six shown to him. There is no evidence in the record to indicate that the police made any suggestion or remark which fostered this notion.

 Moreover, we find no merit in appellant's contention that the line-up was unduly suggestive because it was based in part on voice identification. The use of voice identification has been upheld many times in other contexts. For example, a witness may testify to the fact that the voice of an accused is the same voice which the witness has heard on a previous occasion. *Norton v. State,* 564 S.W.2d 714, 717 (Tex.Cr.App.1978); *Locke v. State,* 453 S.W.2d 484, 485 (Tex.Cr.App.1970). If a

witness may identify a person in court by recognizing a familiar voice, then he may identify a photograph of that person out of court as someone whose voice and face are familiar, even though the witness did not see the face at the time of the offense. Such an identification is neither unfair nor suggestive. Thus we need not address the question of whether Espinosa's in-court identification stemmed from an independent recollection of the event. *See Turner,* 614 S.W.2d at 146.

Affirmed.