**B.W. WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–85–01228–CR.**

Court of Appeals of Texas,
Dallas.

Nov. 26, 1986.

Molly Meredith LeNoir, Dallas, for appellant.

John Vance, Dist. Atty., Wm. Randall Johnson, Asst. Dist. Atty., Dallas, for appellee.

Before WHITHAM, SCALES and MITCHELL, JJ.

SCALES, Justice.

B.W. Williams appeals from his conviction for burglary of a habitation. The jury assessed punishment at seventy years' confinement in the Texas Department of Corrections. We affirm.

Appellant does not challenge the sufficiency of the evidence; however, a brief statement of the facts is necessary. The complainant, Henry Giles, testified that on June 16, 1985, he discovered that his house had been broken into and that several items were missing. The police lifted a palm print from the windowsill of the window of Giles's home where the burglar apparently entered. At trial, a police officer identified the print as identical to a palm print taken from appellant.

Outside the presence of the jury, Giles testified that on November 3, 1985, he received a telephone call from a man who identified himself as B.W. Williams. Giles had never heard the caller's voice before and did not know anyone named B.W. Williams. Giles testified that the caller apologized for breaking into Giles's home. The trial court then ordered appellant to read the words "I know I was wrong. I'm sorry I took your stuff" from a printed card. Giles identified appellant's voice as the voice of the man who telephoned him. The trial court informed counsel that it would order appellant to read the printed words before the jury. When the jury returned, Giles repeated his testimony concerning the November telephone conversation. Appellant then read the printed words again and Giles testified that appellant's voice was the voice that he heard in the November telephone conversation.

■ In his first point of error, appellant contends that the trial court erred in overruling his objection to the admissibility of Giles's in-court voice identification. Appellant recognizes the rule that "voice is a competent means of identification if the witness had any previous acquaintance with the person identified. It is sufficient that the witness has heard such person's voice but once previous to the time in ques-

tion." *Norton v. State,* 564 S.W.2d 714, 717 (Tex.Crim.App.1978). Appellant appears to argue, however, "the time in question" refers to the date on which the original conversation took place, rather than the date on which the voice is identified. Thus, appellant argues that Giles's voice identification was inadmissible because there was no showing that Giles had heard appellant's voice before November 3, 1985. We disagree. In *McInturf v. State,* 544 S.W.2d 417 (Tex.Crim.App.1976), the court of criminal appeals held that voice identification based upon statements made *during the commission of the offense,* was direct evidence identifying the defendant as the person who committed the crime. Accordingly, we hold that it was not necessary that the State show that Giles had heard appellant's voice before November 3, 1985, and that Giles's voice identification of appellant was admissible. Appellant's first point of error is overruled.

In his second point of error, appellant contends that the trial court committed fundamental error by "ordering appellant to testify before the jury." Appellant argues that by requiring him to read the words "I know I was wrong. I'm sorry I took your stuff," the trial court compelled appellant to give evidence against himself in violation of his constitutional right against self-incrimination. Ordinarily, voice is an identifying physical characteristic which is outside the scope of the protections against self-incrimination. *Moulton v. State,* 486 S.W.2d 334, 337 (Tex.Crim. App.1972). Appellant argues, however, that by requiring him to speak incriminating words, the court went beyond compelling appellant to exhibit a physical characteristic and, instead, compelled appellant to present testimonial evidence. We disagree.

In *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), the trial court required that each person in a pre-trial identification line-up speak the words that were spoken by the robber during a bank robbery. *Wade,* 388 U.S. at 220, 87 S.Ct. at 1928. Evidence concerning the pre-trial identification was then admitted before the jury during trial. *Id.* In

rejecting the defendant's argument that compelling him to speak the words spoken by the robber violated his fifth amendment right against self-incrimination, the Supreme Court stated:

[C]ompelling Wade to speak within hearing distance of the witnesses, even to utter words purportedly uttered by the robber, was not compulsion to utter statements of a "testimonial" nature; he was required to use his voice as an identifying physical characteristic, not to speak his guilt.

*Wade,* 388 U.S. at 222–23, 87 S.Ct. at 1930. The same rule is applicable to challenges made under the Texas constitution. *See Olson v. State,* 484 S.W.2d 756, 759–72 (Tex.Cr.App.1969) (article I, section 10 of the Texas constitution is no broader than the fifth amendment of the United States Constitution). Appellant's second point of error is overruled.

In his third point of error, appellant contends that the trial court erred in overruling appellant's objection to an improper jury argument. We do not find it necessary to set out the complained of argument, because we note that, even if the trial court's instruction to the prosecutor to "rephrase your statement" can be considered as sustaining the objection, appellant failed to request that the jury be instructed to disregard the argument and failed to request a mistrial. Thus, error has not been preserved. *Sales v. State,* 628 S.W.2d 796, 800 (Tex.Crim.App.1982). We overrule appellant's third point of error.

The judgment of the trial court is affirmed.