Affirmed and Opinion filed October 24, 2002









Affirmed and Opinion filed October 24, 2002.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-01099-CR

____________

 

ANDRE KEITH FIELDS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th District Court

Harris County, Texas

Trial Court Cause No. 865,893

 



 

O P I N I O N

Appellant, Andre Keith Fields, was charged by indictment with
aggravated robbery;  he entered a plea of
not guilty.  However, a jury convicted
appellant, found him to be a second offender, and assessed his punishment at 25
years’ imprisonment.  On appeal,
appellant contends (1) the trial court failed to instruct the jury on the
burden of proof for extraneous offenses, (2) the prosecutor conducted improper
voir dire, (3) he received ineffective assistance of counsel, and (4) the
evidence is legally and factually insufficient to support his conviction.  We affirm.








The record reflects that Winnie Montgomery, the complainant,
was the president of LaWon Enterprises, a business engaged in direct sales of
products via a sales force of approximately twenty people.  At the end of each work day, the sales
persons would typically return to the business to turn in their cash receipts
which were then placed in a blue bank bag in preparation for deposit at a local
bank.  On January 5, 2001, three armed
men wearing ski masks entered LaWon Enterprises and ordered the employees to
get down on the floor and empty their pockets. 
One of the hijackers, later identified as appellant, pointed a gun at
Montgomery and asked, “Where’s the blue bag?” 
Montgomery did not have the bag, and appellant ordered her to the floor.


After about an hour, the assailants ordered everyone into the
bathroom.  Meanwhile, employees heard the
assailants going through the office, turning over desks and pulling phones out,
apparently looking for the blue bag.  The
employees came out of the bathroom about 20 minutes later and called
police.  

Several employees recognized the voice of one of the
hijackers as belonging to appellant, who was employed for several months as a
distributor and sales person at LaWon Enterprises until shortly before the
robbery.

I.  Charge Error 

In his first issue, appellant contends the trial court erred
at the punishment phase of  the trial
when it failed to instruct the jury on the State’s burden of proof for
extraneous offenses.  To support its
enhancement allegation, the State introduced a penitentiary packet showing
appellant had been previously convicted of aggravated assault.  The penitentiary record, however, also
contained numerous disciplinary reports regarding appellant=s behavior while incarcerated.  Appellant argues the disciplinary reports
constitute evidence of extraneous offenses and that the jury should have been
instructed on the State=s burden to prove up such offenses “beyond a reasonable
doubt.”[1]








A trial court must submit a charge setting forth “the law
applicable to the case.”  Tex. Code Crim. Proc. Ann. art. 36.14
(Vernon Supp. 2002).  Law applicable to
the case concerning extraneous crimes requires proof beyond a reasonable doubt
and an instruction  to that effect
regardless of whether requested.  Huizar
v. State, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000).  Failing to give this instruction constitutes
statutory error,[2]
and thus requires analysis under Almanza v. State, 686 S.W.2d 157 (Tex.
Crim. App. 1985).  Huizar, 12 S.W.3d
at 482–83.  Under Almanza, the
reviewing court must first ascertain whether the error was preserved by
objection at trial.  Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1984). 
An unpreserved complaint will not constitute reversible error unless the
error was so unfair that the defendant was denied “a fair and impartial trial.”  Arline v. State, 721 S.W.2d 348, 351
(Tex. Crim. App. 1986).  Thus, a
defendant can only obtain a reversal if the error caused “egregious” harm to
the defendant.  Id. A court must
measure the degree of harm in “light of the entire jury charge, the state of
the evidence, including contested issues and weight of probative evidence, the
argument of counsel and other relevant information.”  Almanza, 686 S.W.2d at 171.  

Appellant did not preserve error and after reviewing the
entire record of his trial, we conclude that he was not denied a fair and
impartial trial.  The State presented a
thirty-three page penitentiary report containing disciplinary infractions such
as failure to obey orders, threatening guards, punching a guard, and indecent
exposure.  Appellant does not contest  the veracity of these reports; rather,
appellant complains he was harmed by the sheer volume of the evidence presented
and the prosecution’s focus on the extraneous crimes.  Although the prosecutor mentioned appellant’s
prior conduct in closing argument, she focused primarily on his 1990 conviction
for aggravated assault.








Most important, however, the jury assessed a relatively low
punishment.  The statutory range of
punishment in this case was 15 years to 99 years or life;[3]  the jury, however, assessed a punishment of
only 25 years.  Accordingly, we find no
egregious harm resulting from the trial court’s failure to properly instruct
the jury.  See Brown v. State, 45 S.W.3d
228, 232 (Tex. App.CFort Worth 2001, pet. ref’d) (holding defendant was not
injured by trial courts failure to give reasonable doubt instruction regarding
extraneous offenses when the jury assessed punishment well below the maximum
permitted).  Appellant’s first issue is
overruled.

II.  Voir Dire

In his second issue, appellant claims the trial court erred
in permitting the State’s attorney to offer a hypothetical scenario during her
voir dire examination that was factually specific to the case on trial.[4]  We perceive no error in the prosecutor’s
remarks.  However, even if the prosecutor
erred, appellant lodged no objection to the remarks.








As a prerequisite to presenting a complaint for appellate
review, the record must show that counsel complained to the trial court by a
timely request, objection, or motion.  Tex. R. App. P. 33.1(a)(1).  To preserve error during voir dire, the
defendant must object to the prosecutor’s statement.  Jenkins v. State, 870 S.W.2d 626, 629 (Tex.
App.CHouston [1st Dist.] 1994, pet. ref’d).  Here, appellant’s counsel did not object to
the prosecutor’s use of a hypothetical scenario.  Thus, appellant failed to preserve any error
for appellate review.  See Ransom v.
State, 789 S.W.2d 572, 583 (Tex. Crim. App. 1989) (holding appellant failed
to preserve error by failing to raise the complaint at trial court).

Accordingly, appellant’s second issue is overruled.  

III.  Ineffective Assistance of Counsel 

In his third issue, appellant
complains his counsel was ineffective for failing to request a reasonable doubt
instruction regarding the extraneous offenses introduced at the punishment
phase of the trial.  We find, however,
that appellant failed to meet the test for ineffective assistance of counsel set
forth in Strickland v. Washington, 466 U.S. 668, 688–93 (1984).

Under Strickland, appellant must demonstrate (1)
counsel’s performance was deficient and not reasonably effective and (2) the
deficient performance prejudiced the defense. 
Id.  Essentially, appellant
must show his counsel’s representation fell below an objective standard of
reasonableness, based on prevailing professional norms, and there is a
reasonable probability that, but for his counsel=s unprofessional errors, the result
of the proceeding could have been different. 
Id. at 693; Valencia v. State, 946 S.W.2d 81, 83 (Tex.
Crim. App. 1997).  








Judicial scrutiny of counsel’s performance must be highly
deferential and we are to indulge a strong presumption that counsel was
effective.  Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994). 
We presume counsel’s actions and decisions were reasonably professional
and that they were motivated by sound trial strategy.  Id. 
Moreover, to rebut  this
presumption, appellant must show, by a preponderance of the evidence, why trial
counsel did what he did.  Id.  Any allegation of ineffectiveness must be
firmly founded in the record and the record must affirmatively demonstrate the
alleged ineffectiveness.  McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), overruled on other
grounds by Mosley v. State, 983 S.W.2d 249, 263 (Tex. Crim. App.
1998).  If the record contains no
evidence of the reasoning behind trial counsel’s actions, we cannot conclude
counsel’s performance was deficient or speculate about the reasons behind trial
counsel’s actions.  Jackson, 877
S.W.2d at 771.           

If appellant proves his counsel’s representation fell below
an objective standard of reasonableness, he must still affirmatively prove
prejudice as a result of those acts or omissions.  Strickland, 466 U.S. at 693; McFarland,
928 S.W.2d at 500.  Counsel=s errors, even if professionally
unreasonable, do not warrant setting the conviction aside if the errors had no
effect on the judgment.  Strickland,
466 U.S. at 691.  Appellant must prove
that counsel’s errors, judged by the totality of the representation, denied him
a fair trial, or his claim fails.  McFarland, 928 S.W.2d at 500.  

Appellant fails to provide this Court with any evidence to
affirmatively demonstrate the ineffectiveness of his trial counsel.  He did not file a motion for new trial, and
the record contains no evidence of the reasoning behind his trial counsel’s
actions in failing to request a reasonable doubt instruction at the punishment
phase.  Thus, appellant has failed to
rebut the presumption that counsel’s actions were reasonably professional and
motivated by sound trial strategy.

Additionally, appellant has not demonstrated that trial
counsel’s performance prejudiced his defense. 
As we have already observed, appellant’s punishment was on the low end
of the statutory range.  Appellant’s
third issue is overruled.

IV.  Legal and Factual
Insufficiency 

In his fourth and fifth issues, appellant argues the evidence
is insufficient to support his conviction. 
Specifically, appellant contends the evidence is legally and factually
insufficient to establish appellant=s identity as one of the
perpetrators.








In evaluating a legal sufficiency challenge, we view the
evidence in the light most favorable to the verdict and determine whether a
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319 n. 12 (1979); Garrett v. State, 851 S.W.2d
853, 857 (Tex. Crim. App. 1993).  We will
not overturn the verdict unless it is irrational or unsupported by proof beyond
a reasonable doubt.  Matson v. State,
819 S.W.2d 839, 846 (Tex. Crim. App. 1991). 
The jury, as the trier of fact, “is the sole judge of the credibility of
witnesses and of the strength of the evidence.” 
Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App.
1999).  The jury may believe or
disbelieve any portion of the witnesses’ testimony.  Sharp. v. State, 707 S.W.2d 611, 614
(Tex. Crim. App. 1986).  Therefore, if
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt, we must affirm. 
McDuff v. State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).  

Appellant argues the evidence is legally insufficient because
he was identified primarily by voice recognition.  However, a voice identification may be made
by means of an “opinion based upon hearing the voice at anytime under
circumstances connecting it with the alleged speaker.”  Tex.
R. Evid. 901(b)(5).  In fact, the
use of voice identification has been upheld many times.  Norton v. State, 564 S.W.2d 714, 717 (Tex.
Crim. App. 1978) (holding in a case of false report to a peace officer that
voice recognition was sufficient to establish the identity of the perpetrator);
Locke v. State, 453 S.W.2d 484, 485 (Tex. Crim. App. 1970) (“Voice is a
competent means of identification if the witness had any previous acquaintance
with the person identified.”); Fuller v. State, 858 S.W.2d 528, 530 (Tex.
App.CEastland 1993, pet. ref=d) (holding voice identification may
be used to identify the perpetrator of a sexual assault); Wright v. State,
648 S.W.2d 35, 36 (Tex. App.CDallas 1983, no pet.) (holding that voice identification is
neither unfair nor suggestive).








Here, several witnesses identified appellant as the
perpetrator.  Two employees recognized
appellant’s voice because they worked with him for over four months.  In fact, one of the witnesses worked closely
with appellant for two weeks and spoke with him several hours a day.  Although the assailant wore a ski mask during
the robbery, both witnesses also identified appellant in a live lineup with
each suspect wearing a ski mask. 
Moreover, the complainant recognized the jacket worn by this assailant
as the exact jacket that appellant  had
worn to work almost everyday. 

Further, the evidence suggests the robbery was committed by
an “insider.”  For example, the
perpetrators knew their way around the office, although it was not normally
open to the public.  Also, the robbery
coincided with the time that sales persons were returning to the office with
their cash receipts.  Additionally, the
hijackers knew the money would be in a blue canvas bag.  Finally, during the course of the robbery,
appellant yelled at one of the employees to “get on the floor,” and called him
by name while doing so. 

It is also probative that the hijackers targeted only
selected employees for physical abuse. 
Although appellant and his accomplices kicked and hit several employees
during the robbery, they focused their abuse on certain people, including Kenny
Sutton, one of the office managers.  Montgomery
testified that appellant got along with his coworkers except Sutton because
Sutton told appellant to get rid of his dreadlocks.  Appellant refused and Montgomery put him on “9:00
to 5:00.”  This required appellant to
pick up his products at 9:00 a.m., instead of 7:00 a.m. and return unsold
products at 5:00 p.m., instead of 6:00 p.m. 
Appellant blamed Sutton for his reduction in hours. 

Finally, we must presume the jury resolved any conflicting
inferences on the issue in favor of the prosecution.  Farris v. State, 819 S.W.2d 490, 495
(Tex. Crim. App. 1990), overruled on other grounds by Riley v. State,
889 S.W.2d 290 (Tex. Crim. App. 1993). 
We test the evidence only to see if any reasonable trier of fact could
find the elements established beyond a reasonable doubt.  Jackson, 443 U.S. at 318.  After examining the evidence, we find it is
amply sufficient to permit a rational factfinder to convict appellant of
aggravated robbery. 








Appellant, however, also contends the evidence is factually
insufficient.  When conducting a factual
sufficiency review, the evidence is not viewed in the light most favorable to
the verdict, and the verdict is set aside only if it is so contrary to the
overwhelming weight of the evidence to be clearly wrong and unjust.  Johnson v. State, 23 S.W.3d 1, 6–7
(Tex. Crim. App. 2000).  The evidence is
considered equally, including the testimony of defense witnesses and the
existence of alternative hypotheses.  Orona
v. State, 836 S.W.2d 319, 321 (Tex. App.CAustin 1992, no pet.).  We consider the factfinder’s
weighing of the evidence and can disagree with the factfinder’s
determination.  Clewis v. State,
922 S.W.2d 126, 133 (Tex. Crim. App. 1996). 
However, we are not free to reweigh the evidence and set aside a verdict
merely because a different result is more reasonable.  Cain v. State, 958 S.W.2d 404, 407
(Tex. Crim. App. 1997).  We must defer to
jury findings and find the evidence factually insufficient “only where
necessary to prevent manifest injustice.” 
Id.

Appellant specifically argues that the evidence is factually
insufficient because he had an alibi witness. 
Appellant offered the testimony of his mother, Carrie Fields.  Ms. Fields’ testimony, if believed, placed
appellant at home during the robbery; however, this evidence must be weighed
against the testimony of the State’s witnesses. 
Moreover, Ms. Fields had no independent recollection of the specific day
the offense was committed; rather, she remembered appellant’s routine time to
be home.  Ms. Fields was impeached to
some extent by her admission that she never went to police with the alibi claim
but, instead, waited until trial to acknowledge her son’s innocence.  

The jury disregarded appellant’s alibi witness as was its
right.  Moore v. State, 804 S.W.2d
165, 166 (Tex. App.CHouston [14th Dist.] 1991, no pet.) (holding jury is entitled
to accept the State’s version of the facts and reject appellant’s version or
reject any of the witnesses’ testimony). 
We find the verdict was not so contrary to the overwhelming weight of
the evidence as to be clearly wrong and unjust. 
Appellant=s fourth and fifth issues are overruled.  

The judgment of the trial court is affirmed.  

 

 

/s/        J. Harvey Hudson

Justice

 

 

Judgment rendered
and Opinion filed October 24, 2002.

Panel consists of
Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish C Tex.
R. App. P. 47.3(b).











[1]  Article 37.07 ' 3(a) provides in relevant part: “. . . evidence may
be offered by the state and the defendant as to any matter the court deems
relevant to sentencing, including but not limited to ... evidence of an
extraneous crime or bad act that is shown beyond a reasonable doubt by evidence
to have committed by the defendant or for which he could be held criminally
responsible . . .”  Tex. Code Crim. Proc. Ann. Art. 37.07
(Vernon Supp. 2002).  





[2]  Article 36.14
of the Texas Code of Criminal Procedure , which applies to Article 37.07,
requires a jury charge to contain the law applicable to the case.  Tex.
Code Crim. Proc. Ann. art. 36.14; Huizar, 12 S.W.3d at 484.  An omitted instruction on the law applicable
to the case constitutes a purely charge error under article 36.19 rather than a
constitutional error and requires analysis under Almanza.  Huizar, 12 S.W.3d at 484.





[3]  Tex. Pen. Code Ann. ' 12.42(c)(1) (Vernon Supp. 2002).





[4]  During voir
dire, the prosecutor questioned the jury about a hypothetical aggravated
robbery as follows:

Q.         [By
Ms. Sinclair, the State=s attorney]: Okay. 
Let=s talk about how this occurs, how does this crime
occur?  Juror No. 3, who gets to pick the
place the aggravated robbery is going to happen?  Do you think that is going to be my complainant
or a perpetrator?  Who do you think is
going to pick the place?

A.         [Venireperson]:
The persons who anticipate committing the crime.  

Q.         Certainly.  How about who=s around
when the crime=s committed?

A.         Could
be anybody.

Q.         Who=s going to get to pick?  That=s the
question.

A.         Perpetrator.

Q.         Okay.  Who=s going
to pick whether or not I B let=s say there=s a
firearm versus a knife versus a baseball bat?

A.         Perpetrator.

Q.         Okay.  Who is going to pick what type of disguise,
if any, I wear?

A.         Perpetrator.


Q.         Okay.  Would everyone agree with me that the
perpetrator is going to be in control here in terms of how this is going to
take place?  Everyone can see that?  Anyone think the complainant has come
control?  Anyone see that?  Okay