COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-393-CR
 
LADIAMON HARRIS                                                                       
   APPELLANT
V.
THE STATE OF TEXAS                                                               
           
STATE
 
------------
FROM THE 213TH DISTRICT
COURT OF TARRANT COUNTY
------------
MEMORANDUM
OPINION(1)
------------
Appellant was convicted of aggravated
robbery with a deadly weapon and sentenced to sixty-six months' confinement. In
one issue, he contends that the evidence is legally insufficient to support the
jury verdict of guilt because the complainant did not provide an eyewitness
identification; instead, he identified Appellant by the smell of his jacket and
his voice. We affirm the trial court's judgment.
In reviewing the legal sufficiency of the
evidence to support a conviction, we view all the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.(2)
This standard gives full play to the responsibility of the trier of fact to
resolve conflicts in the testimony, to weigh the evidence, and to draw
reasonable inferences from basic facts to ultimate facts.(3)
When performing a legal sufficiency review, we may not sit as a thirteenth
juror, re-evaluating the weight and credibility of the evidence and, thus,
substituting our judgment for that of the fact finder.(4)
The standard of review is the same for direct and circumstantial evidence cases.(5)
Ronald Finch, the owner of Williams
Chicken on Seminary Drive in Fort Worth, Tarrant County, Texas, testified that
at about 12:45 a.m. one morning, as he was counting money, three men entered his
restaurant through the drive-thru window. One of them had a gun, which was
passed around among the three during the incident. The driver of their van, whom
Finch identified as Appellant, remained in the vehicle, pointing a shotgun at
Finch and yelling orders through the window. Finch testified that he knew
Appellant was the driver, even though he never saw his entire face during the
incident, because he recognized his voice and the appearance and smell of his
jacket, which one of the other robbers was wearing. Finch's basis for
identifying Appellant's smell and voice was familiarity--he had had face-to-face
contact with Appellant, whom he knew as Whoo, thirty to forty times before the
incident.(6)
The robbers took about $2,100, including
$606 banded in a register tape bearing the amount and the name of an employee.
Soon after the robbery, the police discovered the van near an apartment complex.
They noticed two people peeping out from behind an apartment door. The police
surrounded the door, and Appellant and two others came out. Appellant tried to
get away and was captured. After he was handcuffed, he threw a wad of money to
the ground. It was wrapped the way the stolen money was wrapped. About $1,500
was found in Appellant's male companion's shoes, including the banded amount of
$606.
Applying the appropriate standard of
review, we hold that the evidence is legally sufficient to support Appellant's
conviction. We affirm the trial court's judgment.
 
                                                                      
PER CURIAM
 
PANEL F: DAUPHINOT, J.; CAYCE, C.J; and
WALKER, J.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: August 27, 2003

1. See Tex. R. App. P. 47.4.
2. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.
Ct. 2781, 2789 (1979); Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim.
App. 2001).
3. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789.
4. Dewberry v. State, 4 S.W.3d 735, 740 (Tex.
Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).
5. Burden, 55 S.W.3d at 613; Kutzner v. State,
994 S.W.2d 180, 184 (Tex. Crim. App. 1999).
6. See Norton v. State, 564 S.W.2d 714, 717 (Tex.
Crim. App. 1978); McInturf v. State, 544 S.W.2d 417, 418 (Tex. Crim.
App. 1976); Locke v. State, 453 S.W.2d 484, 485 (Tex. Crim. App. 1970)
(all recognizing voice recognition as a competent means of establishing
identity).