Ladiamon Harris v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-393-CR

LADIAMON HARRIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant was convicted of aggravated robbery with a deadly weapon and sentenced to sixty-six months’ confinement.  In one issue, he contends that the evidence is legally insufficient to support the jury verdict of guilt because the complainant did not provide an eyewitness identification; instead, he identified Appellant by the smell of his jacket and his voice.  We affirm the trial court’s judgment.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
(footnote: 2)  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.
(footnote: 3)  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.
(footnote: 4)  The standard of review is the same for direct and circumstantial evidence cases.
(footnote: 5)
 Ronald Finch, the owner of Williams Chicken on Seminary Drive in Fort Worth, Tarrant County, Texas, testified that at about 12:45 a.m. one morning, as he was counting money, three men entered his restaurant through the drive-thru window.  One of them had a gun, which was passed around among the three during the incident.  The driver of their van, whom Finch identified as Appellant, remained in the vehicle, pointing a shotgun at Finch and yelling orders through the window.  Finch testified that he knew Appellant was the driver, even though he never saw his entire face during the incident, because he recognized his voice and the appearance and smell of his jacket, which one of the other robbers was wearing.  Finch’s basis for identifying Appellant’s smell and voice was familiarity—he had had face-to-face contact with Appellant, whom he knew as Whoo, thirty to forty times before the incident.
(footnote: 6)
 The robbers took about $2,100, including $606 banded in a register tape bearing the amount and the name of an employee.  Soon after the robbery, the police discovered the van near an apartment complex.  They noticed two people peeping out from behind an apartment door.  The police surrounded the door, and Appellant and two others came out.  Appellant tried to get away and was captured.  After he was handcuffed, he threw a wad of money to the ground.  It was wrapped the way the stolen money was wrapped.  About $1,500 was found in Appellant’s male companion’s shoes, including the banded amount of $606.  

Applying the appropriate standard of review, we hold that the evidence is legally sufficient to support Appellant’s conviction.  We affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, J.; CAYCE, C.J; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  August 27, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).

3:
Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789.

4:
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

5:
Burden
, 55 S.W.3d at 613; 
Kutzner v. State
, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).

6:
See Norton v. State
, 564 S.W.2d 714, 717 (Tex. Crim. App. 1978);  
McInturf v. State
, 544 S.W.2d 417, 418 (Tex. Crim. App. 1976); 
Locke v. State
, 453 S.W.2d 484, 485 (Tex. Crim. App. 1970) (all recognizing voice recognition as a competent means of establishing identity).