Affirmed and Memorandum Opinion filed April 14, 2005









Affirmed
and Memorandum Opinion filed April 14, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00003-CR

_______________

 

PARISH LAVAR COLEMAN,
Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

__________________________________________________

 

On Appeal from 400th District Court

Fort Bend County, Texas

Trial Court Cause No. 36,670 A

__________________________________________________

 

M E M O R A N D U M   O P I N
I O N

After
a jury found appellant Parish Lavar Coleman guilty of aggravated robbery, the
trial court sentenced him to 25 years= confinement.  In four issues, he challenges the legal and
factual sufficiency of the evidence identifying him as a participant in the
crime and the trial court=s admission of statements against interest made by his
alleged accomplice.  Because we conclude
the evidence supporting the conviction is legally and factually sufficient, and
appellant=s evidentiary complaints were not
preserved, we affirm.








I.  Factual Background

Nicholas
Deiss, an employee at a Diamond Shamrock convenience store in Rosenberg, was
robbed by two men at gunpoint.  Both of
the assailants wore masks covering their faces, and only one of the two men was
armed.  At trial, two surveillance
videotapes were introduced into evidence, allowing the jury to view the crime
on video and hear the voice of the assailant holding the gun.  Relying primarily on their familiarity with
appellant=s voice and mannerisms, three
witnesses identified him as the armed man in the videotape.  The jury found appellant guilty of aggravated
robbery and, after appellant pleaded true to one enhancement paragraph, the
court assessed punishment at 25 years= confinement.  This appeal ensued.

In
his first and second issues, appellant claims the evidence identifying him as
the person committing the offense is legally and factually insufficient to
support his conviction.  Appellant argues
in his third and fourth issues that the trial court erred in admitting the
testimony of two witnesses concerning statements against interest made by
Charles McMillian, appellant=s alleged accomplice in the robbery. 

II.  Legal and Factual Sufficiency

A.        Standards of Review

In
reviewing evidence for legal sufficiency, we view the evidence in the light
most favorable to the verdict and determine whether a rational trier of fact
could have found the essential elements of the crime beyond a reasonable
doubt.  King v. State, 29 S.W.3d
556, 562 (Tex. Crim. App. 2000) (en banc). 
During this process, we do not reevaluate the credibility of witnesses
or the weight of evidence, and we will not substitute our judgment for that of
the fact-finder.  Johnson v. State,
967 S.W.2d 410, 412 (Tex. Crim. App. 1998). 
We affirm the judgment if any rational trier of fact could have found
the elements of the offense beyond a reasonable doubt.  McDuff v. State, 939 S.W.2d 607, 614
(Tex. Crim. App. 1997) (en banc).








When conducting a factual sufficiency
review, we remove the prism of Athe light most favorable to the verdict@ and view the evidence neutrally,
setting aside the verdict only if (1) the evidence supporting the verdict, if
taken alone, is too weak to sustain the finding of guilt beyond a reasonable
doubt; or (2) the contrary evidence is so strong that the State could not have
met its burden of proof beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484B85 (Tex. Crim. App. 2004).  In our review of the evidence, we must be
deferential to the jury=s findings and resist intruding on the jury=s role as the sole judge of witness
credibility and the weight to be given evidence.  Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000) (en banc).  Our
standards of review remain the same whether the evidence we consider is direct
or circumstantial.  Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986) (en banc).    

B.        Discussion

Appellant claims the evidence
identifying him as one of the participants in the robbery is legally and
factually insufficient because (1) the witnesses were not credible and
identified him only from the videotape, and (2) alibi evidence establishes that
he was with his fiancee the night of the robbery.  








In addition to the statutory elements
of the offense,[1]
the State must prove beyond a reasonable doubt that the defendant is the person
who committed the crime charged.  Johnson
v. State, 673 S.W.2d 190, 196 (Tex. Crim. App. 1984) (en banc); Smith v.
State, 56 S.W.3d 739, 744 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d). 
Identity may be proved using direct or circumstantial evidence.  Roberson v. State, 16 S.W.3d 156, 167
(Tex. App.CAustin 2000, pet. ref=d). 
Our Rules of Evidence allow voice identification of a defendant Aby opinion based upon hearing the
voice at anytime under circumstances connecting it with the alleged speaker.@ 
Tex. R. Evid. 901(b)(5); Wright
v. State, 648 S.W.2d 35, 36 (Tex. App.CDallas 1983, no pet.) (holding that
voice identification is neither unfair nor suggestive).  

At trial, former Kendleton Police
Officer Michael Davis testified he had known appellant for six years and,
during that time, spoke with appellant almost daily.  Davis testified that because of his
familiarity with appellant, he was able to recognize appellant=s voice, build, and walk, and
identified appellant as the man holding the gun in the videotape based on these
characteristics.  Daryl Lee, an
acquaintance of appellant for more than twenty years, testified he was familiar
with appellant=s voice and that he recognized
appellant as the man in the videotape by his actions and his voice.  Teresa Martin also testified that because she
had known appellant for more than ten years, she could identify him on the
videotape by his voice.  None of these
witnesses equivocated in their identification of appellant.     








Appellant argues this testimony is
unreliable because it was biased or successfully impeached.  Appellant also contends the evidence is
insufficient because it was uncorroborated. 
Texas courts have, however, liberally construed the Rule 901(b)(5)
familiarity requirement, upholding voice identifications based on Aany previous acquaintance@ with the speaker.  See Locke v. State, 453 S.W.2d 484,
485 (Tex. Crim. App. 1970) (stating a witness may identify a defendant by voice
if the witness has heard the voice even once); Williams v. State, 747
S.W.2d 812, 812B13 (Tex. App.CDallas 1986, no pet.) (upholding conviction based on
identification by witness that had heard defendant=s voice only twice).  Moreover, despite appellant=s claims concerning the veracity of
the witnesses= testimony, the jury exclusively
judges the facts, the credibility of witnesses, and the weight to be given
their testimony.  Herrero v. State,
124 S.W.3d 827, 832 (Tex. App.CHouston [14th Dist.] 2003, no pet.).  In this role, the jury may believe all, some,
or none of the testimony of any witness. 
See Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App.
1986). 

Three witnesses unequivocally
identified appellant as one of the two men in the videotape and the jury
resolved any alleged inconsistencies in the evidence in favor of the
State.  Turro v. State, 867 S.W.2d
43, 47 (Tex. Crim. App. 1993) (en banc). 
Thus, viewing the identification evidence in the light most favorable to
the verdict, we conclude it is legally sufficient to support appellant=s conviction.  Accordingly, we overrule appellant=s first issue.

In evaluating the factual sufficiency
of the evidence, appellant refers us to the testimony of his fiancee who stated
that appellant was with her the evening of the robbery.  Appellant also points to the testimony of
Charles McMillian, his alleged accomplice, who testified that appellant did not
participate with him in the robbery.  The
State, however, presented evidence that McMillian told others that he and
appellant had committed the robbery.  As
stated, the jury was free to believe the testimony of the witnesses identifying
appellant as one of the robbers and disbelieve McMillian=s testimony.  See Wesbrook v. State, 29 S.W.3d 103,
111 (Tex. Crim. App. 2000) (en banc) (stating it is the jury=s right to resolve any conflicts in
the evidence).  The jury was also free to
disregard the alibi testimony of appellant=s fiancee.  Herrero, 124 S.W.3d at 832; see
also Davis v. State, 831 S.W.2d 839, 842 (Tex. App.CDallas 1992, pet. ref=d) (upholding conviction despite the
testimony of five alibi witnesses that appellant was in another state when the
crime occurred). 








Reviewing the evidence for factual
sufficiency, we hold the identification evidence is not too weak to support the
finding of guilt beyond a reasonable doubt, nor is the contrary evidence so
strong that the State could not meet its burden.  See Zuniga, 144 S.W.3d at 484B85. 
Appellant=s second issue is overruled.  
  

III.  Admission
of McMillian=s Statements
Against Interest

A.        Teresa
Martin=s Testimony

In his third issue, appellant claims
the trial court erred in allowing Teresa Martin to testify concerning
statements against interest made by McMillian. 
Specifically, appellant argues that the statements lacked the requisite
trustworthiness for their admission as hearsay exceptions under Rule of
Evidence 803(24).  See Tex. R. Evid. 803(24).[2]  Appellant failed, however, to preserve this
complaint for our review.   

Preservation of error requires that
the complaining party make a timely and specific objection to the complained-of
evidence at trial and obtain an adverse ruling. 
Tex. R. App. P. 33.1(a); Valle
v. State, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003).  The purpose of this requirement is to inform
the trial court of the basis for the objection and allow the court an
opportunity to rule on the objection as the evidence is introduced.  Aguilar v. State, 26 S.W.3d 901, 906
(Tex. Crim. App. 2000) (en banc).  To be
timely, the objection must be made as soon as the objectionable nature of the
evidence becomes apparent.  Lagrone v.
State, 942 S.W.2d 602, 618 (Tex. Crim. App. 1997) (en banc).  In addition, preservation of error requires
that the complaint on appeal correspond to the objection made at trial.  Wilson v. State, 71 S.W.3d 346, 349
(Tex. Crim. App. 2002).  

Here, appellant objected to Teresa
Martin=s testimony regarding the statements
made by McMillian on relevance grounds, but did not object on hearsay
grounds.  Thus, appellant failed to
preserve his Rule 803(24) complaint for our review.  See Guevara v. State, 97 S.W.3d 579,
583 (Tex. Crim. App. 2003).  Appellant=s third issue is overruled.








B.        Alvin
Clay=s Testimony

Appellant argues in his fourth issue
that the trial court erred in allowing Alvin Clay to testify regarding
statements against interest and prior inconsistent statements made by McMillian
because the State did not establish the proper predicate under Rule of Evidence
613(a).[3]  As with his 803(24) complaint, appellant made
no 613(a) objection at trial.  

Clay testified that he and McMillian
shared a cell in the Fort Bend County jail and, during that time, McMillian
stated he and appellant had participated in an aggravated robbery
together.  After a bench conference that
does not appear in the record, appellant=s trial counsel asked whether Clay=s testimony was being offered to
impeach McMillian=s testimony.  The
prosecutor replied that the testimony was being offered as a prior inconsistent
statement of McMillian.  Appellant=s counsel then requested the court
give a limiting instruction to the juryCthat the testimony be used solely for
the impeachment of McMillian and not bear on the guilt of appellant.  The court gave the requested instruction at
the conclusion of Clay=s testimony.  Also
during Clay=s testimony, appellant=s trial counsel requested an
unspecified running objection to Clay=s statement that McMillian implicated
appellant as a participant in the robbery. 
The court granted the objection, but appellant did not request any
relief.  








Even assuming that either of these
objections is sufficient to apprise the court of appellant=s 613(a) argument, appellant did not
receive an adverse ruling on either objection. 
Tex. R. App. P. 33.1(a); Tucker
v. State, 990 S.W.2d 261, 262 (Tex. Crim. App. 1999) (en banc); Nethery
v. State, 692 S.W.2d 686, 701 (Tex. Crim. App. 1985) (en banc).  Because the court sustained both objections,
nothing is preserved for our review.  Tucker,
990 S.W.2d at 262.  Appellant received
the relief he requestedCa limiting instructionCon his first objection to McMillian=s testimony and requested no relief
after the court sustained his running objection.  Because appellant obtained all the relief he
requested after the trial court sustained his objections, he cannot complain of
the trial court=s actions on appeal.  Cook
v. State, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993) (en banc) (affirming
the maxim that there is nothing to complain of on appeal when appellant has
been given all the relief he requested at trial).  Appellant=s fourth issue is therefore
overruled.  

For the foregoing reasons, we affirm
the judgment of the trial court.

 

/s/        Eva M.
Guzman

Justice

 

Judgment rendered and Memorandum
Opinion filed April 14, 2005.

Panel consists of Justices Yates,
Edelman, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  A person
commits aggravated robbery if he commits robbery as defined in Section 29.02,
and he:

 

(1) causes serious bodily injury to another;

(2) uses or exhibits a deadly weapon; or

(3) causes bodily injury to another person or
threatens or places another person in fear of imminent bodily injury or death,
if the other person is:

 

(A) 65 years of age or older; or

(B) a disabled person.

 

Tex. Pen. Code Ann. ' 29.03(a) (Vernon 2003).

 

A
person commits robbery under section 29.02 if, in the course of committing
theft as defined in Chapter 31 and with intent to obtain or maintain control of
the property, he:

 

(1) intentionally, knowingly, or recklessly causes
bodily injury to another; or

(2) intentionally or knowingly threatens or places
another in fear of imminent bodily injury or death.

 

Tex. Pen. Code Ann. ' 29.02(a) (Vernon 2003).





[2]  Rule 803(24)
has a specific trustworthiness component regarding statements against interest
in criminal cases.  It provides:  AIn
criminal cases, a statement tending to expose the declarant to criminal
liability is not admissible unless corroborating circumstances clearly indicate
the trustworthiness of the statement.@  Tex.
R. Evid. 803(24).





[3]  Rule of
Evidence 613(a) requires in pertinent part:

 

In examining a witness concerning a prior inconsistent
statement made by the witness, whether oral or written, and before further
cross‑examination concerning, or extrinsic evidence of, such statement
may be allowed, the witness must be told the contents of such statement and the
time and place and the person to whom it was made, and must be afforded an
opportunity to explain or deny such statement.

 

Tex. R. Evid. 613(a).