Opinion issued December 9, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00868-CR

———————————

David Jackson,
Appellant

V.

The State of Texas, Appellee



 



 

On
Appeal from the 177th District Court

Harris
County, Texas



Trial Court Case No. 1203877

 



 

MEMORANDUM OPINION

Appellant, David Jackson, was charged by
indictment with aggravated robbery.[1]  Appellant pleaded not guilty.  A jury found appellant guilty as charged, and
the trial court assessed punishment at 13 years’ confinement.  In two points of error, appellant argues the
evidence was insufficient to establish (1) that he was identified as one of the
assailants and (2) that he aided or encouraged the other assailant to use a gun.

We affirm.

                                                                                                                                                                
Background

On the night of February 16, 2010, Charles Phillips was at
his car near his apartment looking at a map of Houston.  He noticed a gray PT Cruiser on Alabama
Street, the street where his car was parked. 
The PT Cruiser was driving at a very slow speed.  Every time he looked up, Phillips noticed it
had only moved a short distance.

A Hispanic male quickly approached Phillips from his
side.  The man pointed a pistol at
Phillips’s head and said with a Spanish accent, “Give it up,
mother-fucker.”  A second assailant approached
Phillips from behind, hit him, ordered him to get on the ground, and forced him
to the ground.  As the second assailant
searched him, Phillips noticed the man’s hands and saw they were black.  Phillips testified that the second assailant
spoke with a “hoodish” accent, likening it to the accent of the characters from
the movie “Boyz n the Hood.”  Both
assailants wore dark sweatshirts with hoods over their faces and had bandanas
wrapped around their faces. 

The second assailant took Phillips’s wallet from one of
his pockets and began going through it.  Phillips
had a little over thirty dollars in his wallet, including some two-dollar
bills.  Apparently unhappy with the
amount of money in the wallet, the second assailant said to the first assailant,
“This mother-fucker ain’t got no money. 
Kill this mother-fucker.”

At this point, Phillips told the assailants that he had
more money in his boot.  The second
assailant took off the boot that Phillips indicated and retrieved about $120
more.  At all times that he was searching
Phillips, the second assailant also “was steadily hitting” Phillips as well as
making various comments.

As his boot was being taken off, Phillips heard a woman
nearby laughing and saying with a Spanish accent, “Oh, he’s so scared.  He’s giving up his money.  He’s scared.” 
This woman was also wearing a hooded sweatshirt.

Around this time, Phillips heard his wife calling for
him.  As she approached, the assailants
and the Hispanic woman got into the PT Cruiser and left the scene.  Phillips’s wife found him, discovered that he
had been robbed, and called the police with the cell phone she had on her.

Officers Leon Moulton and Karen Taylor, from the Houston
Police Department, were in a squad car on Alabama when they received a dispatch
about the robbery.  They were advised
that the assailants had fled the scene in “a dark-colored PT Cruiser, possibly
gray.”  Officer Moulton turned his squad
car around, heading towards the scene of the crime.  As they drove towards the scene of the crime,
Officers Moulton and Taylor noticed a gray PT Cruiser driving slowly, come to a
stop, and turn off its lights.  Officer
Moulton drove in front of the PT Cruiser and parked the squad car at an angle
to try to prevent the car from leaving.  Both
officers got out of the squad car, drew their weapons, and proceeded to order
the occupants of the car out of the car and onto the ground.

There were four people in the car: two Hispanic females,
one Hispanic male, and one black male.  Appellant
was the black male.  All of the occupants
of the car were wearing hooded sweatshirts. 
A search of the car revealed two bandanas, Phillips’s wallet, over $140
in cash—including several two-dollar bills— bandanas, some gloves, a pistol
matching the kind used in the robbery, two magazine clips for the pistol, and
bullets for the pistol.

Officer Michael Gregg was one of the officers who came to
Phillips’s residence after receiving notice of the robbery.  Officer Gregg learned that some suspects had
been apprehended nearby and asked Phillips to accompany him to that
location.  Phillips did.  When they arrived, Phillips stayed in Officer
Gregg’s patrol car to avoid being seen by the suspects.  Phillips was able to see them, however.  He told one of the officers at the scene that
he recognized the shoes of the Hispanic male as being the same ones on the
first assailant, and he testified to the same at trial.  He also heard appellant, the Hispanic male,
and one of the Hispanic females speak. 
He told one of the officers at the scene that he recognized each of the
voices as being the same as the people who had robbed him and testified to the
same at trial.

                                                                                                                                   
Sufficiency of the Evidence

Appellant argues in his first point of error that the
evidence was legally insufficient to establish his identity as one of the
perpetrators of the crime.  He argues in
his second point of error that the evidence was factually insufficient to
establish his identity as one of the perpetrators of the crime.  Appellant also argues in his first point of
error that there was legally insufficient evidence to establish that he knew a
firearm would be exhibited.

A.              
Standards of Review and Applicable Legal
Principles

1.                
Sufficiency of the Evidence Standard of Review

Evidence is insufficient to support a conviction when,
considering all the evidence admitted at trial in the light most favorable to
the verdict, a fact finder could not have rationally found that each element of
the charged offense was proven beyond a reasonable doubt.  See
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); In
re Winship, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); Laster
v. State, 275 S.W.3d 512,
517 (Tex. Crim. App. 2009); Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); see also Brooks v. State, PD-0210-09, 2010 WL 3894613, at *14, 21–22 (Tex. Crim. App. Oct. 6, 2010)
(majority holding legal and factual sufficiency challenges reviewed under Jackson standard); Ervin v. State, No. 01-10-00054-CR, 2010
WL 4619329, at *2–4 (Tex. App.—Houston [1st Dist.] November 10, 2010, no pet.
h.) (construing majority holding in Brooks).  The evidence is insufficient under this
standard in two circumstances:  (1) the
record contains no evidence, or merely a “modicum” of evidence, probative of an
element of the offense; or (2) the evidence, viewed in the light most favorable
to the verdict, conclusively establishes a reasonable doubt.  See
Jackson, 443 U.S. at 314, 318 n.11,
320, 99 S. Ct. at 2789 & n.11; Laster, 275 S.W.3d at 518; Williams,
235 S.W.3d at 750.

If an appellate
court finds the evidence insufficient under the Jackson standard, it must reverse the judgment and enter an order
of acquittal.  Tibbs v. Florida, 457 U.S. 31, 41, 102 S. Ct. 2211, 2218
(1982).  In applying the Jackson standard of review, an appellate court
must defer to the responsibility of the fact finder to fairly resolve conflicts
in testimony, to weigh evidence, and to draw reasonable inferences from the
facts.  See Jackson, 443 U.S. at
319, 99 S. Ct. at 2789; Williams, 235 S.W.3d at 750.  An appellate court presumes that the fact finder resolved any conflicts
in the evidence in favor of the verdict and defers to that resolution, provided
that the resolution is rational.  See Jackson, 443 U.S. at 326, 99
S. Ct. at 2793.  An appellate court may not re-evaluate the weight and credibility of the
record evidence and thereby substitute its own judgment for that of the fact
finder.  Williams, 235 S.W.3d at
750.

2.                
Aggravated robbery

A person commits aggravated robbery if he unlawfully
appropriates property with intent to deprive the owner of the property while
intentionally or knowingly threatening or placing another in fear of imminent
bodily injury or death and using or exhibiting a deadly weapon.  Tex.
Penal Code Ann. §§ 29.02,
.03 (Vernon 2003), § 31.03 (Vernon Supp. 2010).  When a deadly weapon is alleged in the
indictment as an element of the offense, the State bears the burden of proving beyond
a reasonable doubt that the defendant knew a deadly weapon would be used or exhibited.
 Adkins
v. State, 274 S.W.3d 870, 875 (Tex. App.—Fort Worth 2008, no pet.); Sarmiento v. State, 93 S.W.3d 566, 570
(Tex. App.—Houston [14th Dist.] 2002, pet. ref’d).

3.                
Law of parties

“A person is criminally responsible as a party to an
offense if the offense is committed by his own conduct, by the conduct of
another for which he is criminally responsible, or by both.”  Tex.
Penal Code Ann. § 7.01(a) (Vernon 2003). 
“A person is criminally responsible for an offense committed by the
conduct of another if[,] acting with intent to promote or assist the commission
of the offense, he solicits, encourages, directs, aids, or attempts to aid the
other person to commit the offense.”  Id. § 7.02(a)(2) (Vernon 2003).  When a party is not the primary actor, the
State must prove conduct constituting an offense plus an act by the defendant
done with the intent to promote or assist such conduct.  Beier v.
State, 687 S.W.2d 2, 3 (Tex. Crim. App. 1985).  Evidence is sufficient to sustain a conviction
under the law of parties if it shows the defendant was physically present at
the commission of the offense and encouraged the commission of the offense
either by words or by other agreement.  Tarpley v. State, 565 S.W.2d 525, 529
(Tex. Crim. App. 1978).  In determining
whether the accused participated as a party, the court may look to events
occurring before, during and after the commission of the offense and may rely
on actions of the defendant which show an understanding and common design to do
the prohibited act.  Beier, 687 S.W.2d at 4.

B.              
Identity of appellant as one of the perpetrators

Appellant’s principal argument at trial and on appeal was
that, while there is no doubt that Phillips was robbed at gunpoint, there is no
proof that appellant was the second assailant. 
Appellant acknowledges that there is sufficient evidence to establish
that the Hispanic male in the car was the first assailant, but he argues that
there was enough time between when the robbery took place and when appellant
was stopped for the second assailant to have left the car.  This argument ignores the fact that Phillips testified
that he recognized appellant’s voice as being the same as that of the second
assailant.  

Voice identification is an acceptable means of
identification.  Locke v. State, 453 S.W.2d 484, 485 (Tex. Crim. App. 1970).  The evidence is sufficient even if the
witness has heard the person’s voice only one time prior to the
identification.  Id.  Voice identification is
direct evidence of identity.  McInturf v. State, 544 S.W.2d 417, 419
(Tex. Crim. App. 1976).  Voice
identification is reliable evidence when the witness identifies the voice a
short time after he first heard it.  Williams v. State, 850 S.W.2d 784, 787
(Tex. App.—Houston [14th Dist.] 1993), aff’d
on other grounds, 895 S.W.2d 363 (Tex. Crim. App. 1995).

Appellant argues that it is not clear from the record that
Phillips recognized appellant’s voice. 
We disagree.  During cross
examination, the following dialogue occurred:

Q:      What
I’m saying is, did you tell the police that night that you recognized the voice
of the person that came to be known as Mr. Jackson? Did you tell them that?

A:      Yes.

. . . .

Q:      “Yes”
or “no,” did you tell the police that night that you recognized the voice of
the other assailant that came to be known and charged with this crime as Mr.
Jackson?

A:      One of
the officers I told that.

There is no contrary evidence of Phillips’s
identification of appellant as the second assailant.

Appellant argues that the evidence identifying him as the
second assailant was insufficient because (1) Phillips’s wife testified that
she saw the assailants get into the back seat of the PT Cruiser and appellant
was the driver of the car, (2) Phillips’s wallet was found on the Hispanic
male, and (3) the gun and magazine was found in an area under a front seat that
was only accessible from behind the seat. 
All of these issues were matters for the jury to weigh in their
deliberations.  See Williams, 235
S.W.3d at 750.

Phillips identified appellant as the second assailant
based on appellant’s voice.  Appellant
was found about one mile from the scene of the crime a few minutes after the
crime had occurred in the same type of car in which the second assailant was
seen leaving.  Phillips’s wallet and cash
was found in the car.  Appellant wore
clothing matching that of the second assailant. 
A bandana similar to the type of bandana worn by the second assailant
was found in the car.  Appellant was the
only black person in the car.  Accordingly,
we conclude that, viewed in the light most favorable to the verdict, the
evidence was sufficient to establish appellant was the second assailant.  See id.

C.              
Defendant’s knowledge that a firearm would be
used

Appellant also argues that the evidence is insufficient to
establish that he committed aggravated robbery because there was no evidence
that he aided or encouraged the first assailant to threaten Phillips with the
gun.

The first assailant was the only one at the scene
identified as having a gun.  Robbery
becomes aggravated robbery when the perpetrator uses or exhibits a deadly
weapon.  Tex. Penal Code Ann. § 29.03.  A firearm is considered a deadly weapon.  Id.
§ 1.07(a)(17)(A) (Vernon Supp. 2010). 
Under the law of parties, a person is responsible for the criminal acts
of another if that person intends to promote or assist the commission of the
offense and solicits, encourages, directs, aids, or attempts to aid the other
person to commit the offense.  Id. § 7.02.

After appellant took Phillips’s wallet, he was apparently
displeased with the amount of money he found. 
He said to the Hispanic male, “This mother-fucker ain’t got no
money.  Kill this mother-fucker.”  We hold that this statement is sufficient to
establish that appellant intended to promote or assist the commission of
aggravated robbery and solicited, encouraged, or directed the Hispanic male to
commit aggravated robbery.

We overrule appellant’s two points of error.

                                                                                                                                                                   
Conclusion

The evidence at trial was sufficient to establish that
appellant was one of the persons that robbed Phillips at gunpoint and that
appellant intentionally assisted in the aggravated robbery.  We affirm the judgment of the trial court.

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and Bland.

Do not publish.   Tex. R.
App. P. 47.2(b).











[1]           See Tex. Penal Code Ann. §§ 29.02,
.03 (Vernon 2003), § 31.03 (Vernon Supp. 2009).